SAMUEL HEISER v. STEPHEN R. LOOMIS.

*Assault and battery—Consequential injuries—Previous threats.*

In an action for assault and battery the plaintiff averred that by reason of the battery he was greatly hindered and prevented from doing and performing his work and business and looking after and attending his necessary affairs and avocations. *Held,* that this allegation

did not justify the reception of evidence that plaintiff, being a farmer, and having hay ungathered at the time of the injury, was troubled in getting help to save it and in consequence it was seriously injured.

It is not competent as an excuse for a battery to prove that several days before it was committed plaintiff had used insulting language to defendant's wife, or had threatened the defendant.

The court in such a case having properly excluded evidence of previous threats by the plaintiff, permitted the plaintiff to prove the negative— that at the time in question the plaintiff made no threats. *Held* to be error, and well calculated to prejudice the defence with the jury.

Error to Eaton.    Submitted June 29.    Decided Oct. 12.

CASE.    Defendant brings error.    Reversed.

*Crane & Dodge, Michael Kenny* and *S. L. Kilbourne* for plaintiff in error.    Damages from assault and battery cannot cover consequent inability to get in one's crops:    Addis. Torts § 138; 1 Chit. Pl. 396; 2 Greenl. Ev. § 256, n; *Shaw v. Hoffman* 21 Mich. 151; *Welch v. Ware* 32 Mich. 77; but only loss of time and the value thereof:    Exodus xxi: 18, 19; *Van Deusen v. Newcomer* 40 Mich. 90; threats may be shown in mitigation of damages:    *Fraser v. Berkeley* 7 C. & P. 621; *Daily Post v. McArthur* 16 Mich. 453; *Tyson v. Booth* 100 Mass. 258; *Prentiss v. Shaw* 56 Me. 427; *Voltz v. Blackmar* 64 N. Y. 445; *Stellar v. Nellis* 42 How. Pr. 163; *Vedder v. Fellows* 20 N. Y. 126; evidence in palliation is admissible under the general issue:    *Osburn v. Lovell* 36 Mich. 246.

*Henry A. Shaw* for defendant in error.

COOLEY, J.    Loomis sued Heiser in trespass for assault and battery.    The evidence tended to show that, on the third day of August, 1877, Heiser with some other persons suddenly came upon the plaintiff, and with words such as, "I have got you where I want you now," "We'll give you what you deserve," proceeded to strike and kick him until he was seriously injured.    On the cross-examination of the plaintiff, defendant sought to show that, on the previous

Sunday evening in passing his house the plaintiff had stopped in front of it and used vile and abusive language to his wife. Repeated questions put for this purpose were objected to by the plaintiff and ruled out.

This ruling was correct. The language attributed to the plaintiff was exceedingly provoking, and if a battery had followed immediately, a jury might possibly have excused it, or dealt with it leniently. But the law does not and cannot, consistently with the safety of society, admit the provocation of words as an excuse for blows given, after the blood has had time and opportunity to cool. To do so would be to encourage parties injured or thinking themselves injured by the misconduct of others, to take into their own hands the punishment of the offender, and violence would beget violence, as each party measured out according to the vehemence of his passion the punishment which he thought or imagined his enemy deserved. The safer view for society and the violated law is to consider the fact that a battery has been committed in revenge for a previous wrong, as an aggravation of the fault, instead of an excuse for it.

The most important question in the case is whether the court correctly admitted certain evidence of special damages. The declaration averred that the plaintiff, because of the wounds, bruises and injuries inflicted upon him by the defendant " was greatly hindered and prevented from doing and performing his work and business and looking after and attending his necessary affairs and avocations for a long space of time," etc. The plaintiff testified that his business was that of a farmer; and under objection he was permitted to state that his farm was a grass farm; that when assaulted he was about half through cutting his hay; that he was bothered some about help, and that the cutting was delayed because of his injury, and that his crop of hay was damaged in consequence at least fifty dollars. The defendant contends that this evidence of injury to his hay was inadmissible, because the declaration contained no special averments which would fairly apprise the defendant of the purpose to offer it.

We have been very liberal in this State in receiving evidence of special injuries when the declaration averred them; much more so than the courts of some other States. The cases of *Chandler v. Allison* 10 Mich. 460; *Allison v. Chandler* 11 Mich. 542; *Gilbert v. Kennedy* 22 Mich. 117; and *Welch v. Ware* 32 Mich. 77, will sufficiently attest the fact. The difference in the rules applicable in cases of contract and tort has also been carefully marked and emphasized. Where only a breach of contract is involved, the defendant is not to be made liable for damages beyond what may fairly be presumed to have been contemplated by the parties at the time the contract was entered into. The damage allowed in such cases must be something which could have been foreseen and reasonably expected, and to which the defendant can be deemed to have assented, expressly or impliedly, by entering into the contract. BOVILL Ch. J. in *British etc. Co. v. Nettleship* L. R. 3 C. P. 499; *Hadley v. Baxendale* 9 Exch. 344; *Hopkins v. Sanford* 38 Mich. 611. But in cases of tort the plaintiff does not assist in making the case; it is made for him against his will by a party who chooses his own time, place, and manner of committing the wrong, and if the nature of the case which he thus makes up is such that the elements of injury are uncertain and there is difficulty in arriving at the just measure of redress, the consequences should fall upon the wrong-doer. " To deny the injured party the right to recover any actual damages in such cases, because they are of a nature which cannot be thus certainly measured, would be to enable parties to profit by, and speculate upon, their own wrongs, encourage violence and invite depredation." *Gilbert v. Kennedy* 22 Mich. 117, 130.

But where the damages are such as do not follow the injury, as a necessary consequence, they should be specially alleged in the declaration. This is a rule of fairness, that the defendant may know what case it is intended to make against him, and be prepared to meet it, if it is false or falsely colored. In the cases above cited from our own reports, the allegations of special damage were very full and

specific. But in this case there is only a general allegation that the plaintiff was prevented from doing and performing his necessary business and looking after and attending his necessary affairs and avocations. This inability may well be said to flow as a necessary consequence from any severe injury; and it was therefore held in *Tomlinson v. Derby* 43 Conn. 562, that such an averment could only be construed as characterizing the injury and indicating its extent in a general way, and that it did not lay the foundation for proof of special damages in a particular employment. Evidence that plaintiff was engaged in a particular business, at which he was earning one hundred dollars a month, was therefore excluded in that case, though the declaration was similar to the one here : *Taylor v. Monroe* 43 Conn. 36, is to the .same effect. *Wade v. Leroy* 20 How. 34, must be regarded as opposed to these. In *Baldwin v. Western R. R. Corp.* 4 Gray 333, similar evidence was held inadmissible, under the general allegation of injury. The action was for a physical injury, and the plaintiff had been permitted to show that she was by occupation a school teacher and possessed the necessary education and learning. The court said the evidence " could have had no relevancy or application to the questions at issue between the parties, except as forming the basis on which special damages were to be assessed for the injury of which she complained. It did not tend to show an injury falling within the class of general damages. That class includes only such damages as any other person, as well as the plaintiff might, under the same circumstances, have sustained, from the acts set out in the declaration. Without determining the more difficult question whether the evidence would be admissible under any form of declaration, it is clear that this part of the plaintiff's claim could be founded only upon a peculiar loss sustained by her by reason of the interruption to her occupation resulting from the tortious act of the defendants. They were therefore in their nature damages not necessarily flowing from the acts set out in the declaration, and of which the defendants

could not be supposed to have notice unless they were properly averred." Evidence of this nature was received in *Hanover R. R. Co. v. Coyle* 55 Penn. St. 396, but the report does not give the pleadings. See also *N. J. Express Co. v. Nichols* 33 N. J. 434.

The general spirit of our decisions would perhaps lead to a more liberal rule than that applied in Connecticut as above shown, but would not, I think, support the ruling complained of here. What was the special injury complained of in the declaration? Only that the plaintiff, by reason of the battery, was greatly hindered and prevented from doing and performing his work and business, and looking after and attending his necessary affairs and avocations. Did this fairly apprise the defendant that the plaintiff would seek to show, not merely that he was disabled from pursuing a particular employment not mentioned, but also that, by reason of the inability to obtain laborers, his property went to ruin? If there is a natural and inseparable connection between the alleged injury and the damage, then the defendant should have been prepared to meet such a showing; otherwise he was entitled to more specific allegations. But there is no such natural and inseparable connection; the circumstances must be altogether exceptional which would cause a farmer to lose his crops because he could not personally gather them. Indeed, according to the plaintiff's showing, the circumstances were exceptional here; for the injury to the hay is attributed to the difficulty of obtaining help to save it. But the defendant, had he been apprised of the purpose to claim for such a damage, might perhaps have shown that the difficulty was wholly imaginary, or that the plaintiff willfully suffered his hay to be injured, when he might have avoided it. It was his right to make such a showing, if the facts would warrant it. But he could not be aware of the necessity until he was notified that damage to the hay by reason of the battery was claimed.

In another particular I think the circuit judge erred in his rulings on evidence. The defendant not only offered

to show abusive and provoking conduct by the plaintiff on the previous Sunday, but also that the plaintiff threatened him on that occasion. Had any facts been in evidence which tended to show that defendant, when he committed the assault, had reason to believe he was defending himself against an assault by the plaintiff, the proposed evidence of threats should have been received. But there were no such facts, and the judge properly overruled the offer. But having done this he permitted the plaintiff to prove the negative—that he made no such threats. This evidence was foreign to the issue being tried, and under ordinary circumstances could have had no influence; but coming immediately after the attempt by the defendant to show that he was threatened, was very well calculated to prejudice the jury against him. The evidence, if believed, must have convinced them that not only had the defendant committed a serious assault, but that he had done so under a wholly groundless pretence of fear, and had offered to give false evidence of threats in order to deceive and mislead the jury. It seems to me impossible that the negative evidence could have been harmless under such circumstances.

The judgment, I think, should be reversed and a new trial ordered.

The other Justices concurred.