FITCHBURG R. CO. v. DONNELLY.

(Circuit Court of Appeals, Seventh Circuit. June 3, 1898.)

No. 477

DAMAGES—PLEADING SPECIAL DAMAGES.

In an action for personal injuries, plaintiff cannot show his occupation and rate of wages, in the absence of an allegation of special damage.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This action was brought to recover damages for a personal injury sustained by the defendant in error while riding in a caboose of the plaintiff in error, attached to the rear end of a stock-car train operated by it. Several of the cars composing the train contained live stock which was being shipped by Swift & Co. from Chicago to Boston. The defendant in error, who was the plaintiff below, was in charge of the stock for Swift & Co. The contract of shipment was not made with the plaintiff in error; the cattle being shipped at Chicago on another road, and received by the plaintiff in error at Rotterdam Junction, N. Y., from which point it operated a railroad to Boston. The defendant in error alleges that, while riding on this road with the stock, the train suddenly slackened its speed from about 15 to 4 miles per hour, producing a jolt by which he was thrown from a seat in the rear end of the caboose, causing him to fall upon the floor of the car, fracturing his hip, and causing a permanent impairment of the limb. The jury rendered a verdict in his favor for $12,500, for which sum judgment in his favor was rendered. The writ of error is brought to reverse this judgment.

John H. Coulter, for plaintiff in error.
A. W. Bulkley, for defendant in error.

Before WOODS and SHOWALTER, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge (after stating the facts). There are 33 assignments of error, only one of which it will be necessary to consider.

On the trial, without any allegation of special damages in the declaration, the defendant in error was allowed to prove that he had been engaged for several years in the occupation of accompanying stock from Chicago to Philadelphia, and other Eastern markets, that for three years he had earned $75 a week, that at and before the time of the accident he was allowed the fixed sum of $50 for each trip, and that he made a trip nearly every week. Objection was made and proper exception taken to this proof, and a motion made to strike it out as being incompetent under the issues; but the objection and motion were overruled, and exceptions properly preserved. This was error for which the judgment must be reversed. It was showing special damages without any allegation of special damages in the declaration, which is contrary to the well-settled rule. General damages, or such damages as the law holds to be the necessary result of the cause of action set forth, need not be specially pleaded, but may be recovered under the general allegation of damage. Special damages, which are the natural, but not necessary, result of the injury complained of, must be specially alleged. Such injuries do not necessarily result from the defendant's wrongful act; hence they must be specially alleged, in order that the defendant may have notice thereof, and be prepared to meet the same upon the trial. 5 Enc. Pl. & Prac. pp. 717, 719, and cases cited. The rule as laid down by Chitty in his Pleading (page 385), and adopted by the supreme court of New York in Squier v. Gould, 14 Wend. 159, is still the general rule both in this country and in England:

That "when the damages actually sustained do not necessarily arise from the act complained of, and consequently are not implied by law, in order to prevent surprise to the defendant the plaintiff must state in his declaration the particular damage that he has sustained, or he will not be permitted to give evidence of it upon the trial."

In Taylor v. Town of Monroe, 43 Conn. 36, in a personal injury suit, where the allegation in the declaration was similar to this,—that the plaintiff had been prevented from attending to her ordinary business,—it was held error to allow the plaintiff to prove that by reason of the accident she had been unable to attend to her regular business as a button maker in a button shop, where she had been many years employed, and was earning from $300 to $350 a year. In Tomlinson v. Town of Derby, Id. 562, under a similar allegation, it was held that the plaintiff could not show that he was earning $100 a month in carting and sawing timber. In Baldwin v. Railroad Corp., 4 Gray, 333, in an action against a railroad for damages received at a railroad crossing, it was held that the plaintiff, without alleging special damages, could only recover such damages as any other person as well as the plaintiff might, under the same circumstances, have sustained, and that it was error to allow the plaintiff, in order to enhance the damages, to show that she was a school teacher. In Railway Co. v. Friedman, 146 Ill. 583, 30 N. E. 353, and 34 N. E. 1111, it was held error for the court to admit evidence tending to prove that the plaintiff at the time of the injury was receiving for his services as a traveling salesman $3,000 per year.

In the case at bar the better course would have been, when objec-

tion was made to the testimony, to obtain leave to amend the declaration; but, the plaintiff choosing to abide by his allegations, the defendant had no other course open but to rely upon its exceptions to the testimony. The judgment below is reversed, with instructions to grant a new trial.