JAMES PALMER v. WINONA RAILWAY & LIGHT COMPANY.[1]

May 3, 1901.

Nos. 12,364—(22).

**Personal Injury—Earning Capacity of Plaintiff.**

Under a general allegation of damages in an action for personal injuries, evidence of the amount of wages received by plaintiff before the injury, and the amount he received after, and that he received no more before and no less after than he was able to earn, is competent and proper, as tending to prove the diminution in his earning capacity, and as bearing upon the question of general damages. Palmer v. Winona Ry. & Light Co., 78 Minn. 138, 141, followed.

**Damages.**

Damages *held* not so excessive as to justify this court in ordering a new trial.

Action in the district court for Winona county to recover $2,000 for personal injuries. The case was tried before Snow, J., and a jury, which rendered a verdict in favor of plaintiff for $1,800. The court made an order granting a motion for a new trial unless plaintiff consented to a reduction of the verdict to $1,200. Plaintiff having consented to the reduction, defendant appealed from the order. Affirmed.

*Webber & Lees*, for appellant.

*Henry M. Lamberton* and *Brown & Abbott*, for respondent.

[1] Reported in 85 N. W. 941.

BROWN, J.

This action is one to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict in the court below, and defendant appeals from an order denying a new trial. The assignments of error relate (1) to certain alleged errors in the admission of evidence, and (2) to the claim that the damages awarded by the jury are excessive. A former appeal in the action is reported in 78 Minn. 138, 80 N. W. 869. Substantially the same question as to the admissibility of certain evidence was presented on the former appeal, and the court then held as follows:

"Under a general allegation of damages in the complaint, plaintiff was entitled to prove the wages he received before the injury, the wages he received after the injury, and that he received no more before and no less after than he was able to earn."

On the second trial plaintiff was permitted, over the objection of defendant, to testify that he received $60 per month before the injury, and that immediately after the injury he received but $40 per month; that the amount received prior to his injury was no more than he could earn, and the amount received after was all he was able to earn, and that both amounts were the reasonable value of his services. This is precisely what this court held was proper evidence on the former appeal, and we follow that decision.

Even if it be conceded, in accordance with appellant's contention, that the question was not before this court on the former appeal, and that what was there said on the subject is mere obiter dicta, we are all agreed that the evidence was properly received and competent, under the allegations of the complaint. The complaint alleges no special damages, it is true, but claims general damages only. Counsel for appellant conceded that had special damages been alleged the evidence would have been admissible, but contended that, under the general allegations of the complaint, it was incompetent for any purpose. We do not agree with them. The evidence was not offered for the purpose of proving special damages, but solely for the purpose of showing the diminution of plaintiff's earning capacity, and as bearing on the question of gen-

eral damages. It was proper for this purpose. Murdock v. New York, 167 Mass. 549, 46 N. E. 57; Chicago v. Meech, 163 Ill. 305, 45 N. E. 290; Luck v. City, 52 Wis. 196, 8 N. W. 815. Of course, had plaintiff offered this evidence for the purpose of showing a loss of wages and recovering specially therefor, it would have been incompetent and inadmissible. But such was not its purpose, and the learned trial judge very properly limited its effect in his charge to the jury.

We are not called upon to decide whether the evidence referred to was sufficient in itself to sustain the conclusion that the decreased capacity to earn wages was caused by the injury. The question is not before us.

The damages awarded by the jury are quite large, but, as reduced by the trial court, are within reasonable limits, and we cannot interfere.

Order affirmed.