## FREEBURGH v. LAMOUREUX ET AL.

APPEAL AND ERROR—BILL OF EXCEPTIONS—AMENDMENT OF BILL—
WITHDRAWAL OF RECORD—DELAY IN APPLICATION.

1. An application to withdraw the record for the purpose of applying to the District Court to have the bill of exceptions amended will not ordinarily be denied, if timely made, where it is apparent that the bill is defective in omitting to state an important fact which actually occurred, and should have been stated in the bill.

2. No general rule can be laid down as to what will or not excuse delay in making such application, but the matter must be decided upon the circumstances of each case.

3. A delay of more than two years after attention has been called to the defect in the bill of exceptions in moving for a withdrawal of the record, for the purpose of applying to the lower court for the amendment of the bill, is unreasonable, and requires a denial of the motion; and sufficient excuse for the delay is not shown by the fact that there had been numerous extensions of time to file briefs granted to opposing counsel.

[Decided June 15, 1905.]                    (81 Pac., 97.)

ERROR to the District Court, Fremont County, HON. CHARLES W. BRAMEL, Judge.

Heard on motion of plaintiff in error for leave to withdraw the record, for the purpose of applying to the court below to amend the bill of exceptions.

*N. E. Corthell,* for plaintiff in error.

The proposed amendment will state facts, and will agree with the journal entry, a transcript of which is on file in this court. It would appear, therefore, that if there can be a proper case for amendment of this kind, the present case meets every requirement. An appellate court may avail itself of authentic matters outside of the record, subsequent to the decree, for certain purposes. (Ridge v. Marker, 132 Fed., 599.) The practice invoked by the present motion is the appropriate method of obtaining an

amendment to the bill of exceptions after the same has been filed in the appellate court. (3 Cyc., 141-143.) It is impossible to formulate a general rule as to what lapse of time will cause denial of a motion of this kind, or what circumstances will be considered as showing inexcusable laches. It would seem that each case must be determined upon its own facts. We think that the doctrine of laches in this connection has been abused in some courts by reason of the crowded condition of the docket, and that the true origin and scope of the doctrine has been lost sight of. Laches is really a closely related doctrine to that of estoppel. It is a doctrine by which courts of equity refuse to lend their aid to a plaintiff who has unreasonably delayed in seeking relief, under circumstances where delay has operated to the disadvantage of the opposite party. It is a doctrine created to work final and substantial equity, and not to prejudice claimants seeking a just remedy by fair and reasonable means. Upon the facts in this case and the former proceedings, and the attitude of the defendant in error, who asked frequent extensions of time for filing briefs, we think it should not be held that the application for the withdrawal of the record to amend the bill comes too late. (Ripley v. Seligman, 88 Mich., 180; 2 Bouvier's Law Dict., 101, 102; Galliher v. Caldwell, 145 U. S., 371; Reynolds v. Kempling, 21 Colo., 86; Yates v. Kinney, 23 Neb., 648; Apgar v. Hiler, 24 N. J. L., 808; Patrick v. Weston, 21 Colo., 73; L. & C. Co. v. Wilson (Colo.), 77 Pac., 245; Campbell v. Campbell, 118 Ia., 131; McKenzie v. Knight, 29 Colo., 485; Manhatton Co. v. Osgood, 1 Cow., 65; Bank v. Knight, 18 Ind. App., 257; Bank v. Grunthal, 39 Fla., 388; Boyer v. Teague, 106 N. Car., 571; Brown v. Wardon, 44 N. J. L., 177; Redfield v. Brooks, 130 U. S., 623; Bein v. Heath, 142 U. S., 704.)

*Gibson Clark,* for defendant in error.

It is apparent that the plaintiff in error had full notice and knowledge of the fatal defects in the bill of exceptions more than two years before taking any steps for its cor-

rection.   We submit that, even assuming the power of the
court to make the correction in the bill by a *nunc pro tunc*
order at this time, the application comes too late.   In such
a case as this the party seeking relief must be diligent in his
efforts to have the correction made.   (2 Ency Pl. & Pr.,
308, 309;  Powell's App. Proc., Secs. 208, 217, 219, 825;
3 Cyc., 140-143;  Kneeland v. Gilman, 24 Wis., 40;  Bank
v. Lumber Co., 17 So., 832;  Haberty v. State, 8 O. C. C.,
262;  Seig v. Long, 72 Ind., 18;  Ins. Co. v. Eldred, 143 U.
S., 293;  Clark-Harris Co. v. Douthitt, 31 Pac., 422.)

BEARD, JUSTICE.

This case is before this court at this time upon the motion
of plaintiff in error for leave to withdraw the record for the
purpose of applying to the District Court to have the bill
of exceptions amended.

The case was appealed to this court in August, 1901, and
was submitted upon the merits and taken under advisement
upon plaintiff's brief, defendants having failed to file briefs,
April 26, 1902.   Before it was decided and on January 10,
1903, the defendant, Lamoureux, obtained an order permit-
ting him to file a motion to strike the bill of exceptions from
the record for the reason that it failed to state the ruling of
the District Court upon the motion for a new trial, or that
any exception was taken to the ruling upon that motion.
This motion to strike the bill of exceptions was argued and
submitted January 27, 1903, and on August 20, 1903, an
opinion was handed down sustaining the motion and strik-
ing the bill of exceptions from the record.   (73 Pac., 545.)
Nothing further was done in the case until April 18, 1905,
when the case was called up by the defendant; whereupon,
plaintiff asked and obtained permission to file a motion for
leave to withdraw the record for the purpose of applying to
the District Court to have the bill of exceptions amended so
as to show that the motion for a new trial had been denied,
and an exception taken to that ruling by the plaintiff.   The
motion for leave to withdraw the record was filed May 1,

1905, and was resisted on the ground that the application was too late. That is the only point to be decided.

Ordinarily an application of this kind will not be denied when it is timely made and where, as in this case, it is apparent that the bill of exceptions is defective and does not contain something that it should contain; and in this case it is made to appear by the affidavits filed in support of the motion that one page of the bill as prepared by counsel and reciting the ruling on the motion for a new trial and an exception to that ruling was not in the bill as filed in the District Court.

But the attention of counsel for plaintiff was called to this defect in the bill when the motion to strike was filed, and he should have applied for leave to withdraw the record for the purpose of having the bill amended within a reasonable time thereafter; certainly, without delay after the decision of this court sustaining the motion to strike. It is insisted by counsel for plaintiff that because numerous extensions of time for filing briefs by defendant had been granted, this should, in some degree at least, excuse the delay in making the application for leave to withdraw the record. That matter, as we understand it, was a courtesy extended between counsel, while we are here considering an important question of practice, and the fact of favors granted should have but little weight in determining the question. No general rule can be laid down as to what will or will not excuse such delay, as each case must be decided upon the circumstances of each; but the delay of more than two years after attention was called to the defect in the bill we think was unreasonable. To allow the record in this case to be withdrawn at this late date would tend to establish a very loose kind of practice, which should be condemned not only by the courts, but by the bar. These views, we think, are in harmony with the general trend of the decisions of the courts of other states.

The motion for leave to withdraw the record is denied.

POTTER, C. J., and VAN ORSDEL, J., concur.