## HART v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

DAMAGES—PERSONAL INJURIES.

In an action for personal injuries, evidence that plaintiff, as janitress, earned $10 per month, and that while laid up with her injuries she employed her daughter to perform her duties as janitress, paying her $6 per week, the amount she had been earning in other employment, was clearly inadmissible; the complaint containing no allegation that plaintiff followed the vocation of janitress, or that she sustained any special damage with respect thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 443.]

Appeal from Trial Term.

Action for personal injuries by Jane Hart against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Bayard H. Ames, for appellant.

Benjamin Reass (Leon B. Ginsburg, on the brief), for respondent.

LAUGHLIN, J. This action was brought to recover damages for personal injuries sustained by plaintiff through the negligence of the defendant in starting a car on which she was a passenger while she was in the act of alighting therefrom, and they consisted of a fracture of the larger bone at the wrist, known as a "Colles fracture," and a dislocation and fracture of the smaller bone, and some slight contusions of the body.

The plaintiff testified that prior to the accident she did plain and fancy sewing for hire, and acted as janitress of buildings, and earned in the latter capacity $10 per month. She further testified that, owing to the injuries received, she was unable to attend to her duties as janitress, and that she employed her daughter to perform those duties. Her counsel then asked her, "Did you agree to pay your daughter anything for those services?" Counsel for the defendant objected to the question upon the ground that it was not the proper proof of damages. The objection was overruled, and an exception taken. She answered in the affirmative, and was then permitted to testify, under like objection, ruling, and exception, that she paid her daughter $6 a week, which was the amount that her daughter was earning in other employment at the time. After the reception of the evidence showing that she paid her daughter $6 a week for services for which she herself received only $10 per month, counsel for the defendant moved to strike out the evidence, upon the ground that she could not recover more than she was to receive. In response to this motion, the court said: "The fact that she agreed to pay may stand, subject to the instruction that I shall give to the jury later"—to which ruling counsel for the defendant duly excepted. The complaint neither contained any allegation that the plaintiff followed the vocation of janitress, nor that she sustained any special damage with respect thereto. This evidence was clearly inad-

missible, and should have been excluded. The court failed to give the jury any instruction concerning the same.

It is contended by the learned counsel for the respondent that it may be seen by a consideration of all of the evidence that the jury disregarded this item of evidence. We cannot agree with that contention. The verdict was for $2,250, which was quite liberal compensation for the damages sustained. It cannot be held, therefore, that the error was not prejudicial.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.