CASE 33.—ACTION BY JERRY CRANK AGAINST THE CHESAPEAKE & OHIO RAILWAY COMPANY FOR DAMAGES FOR PERSONAL INJURIES.—March 5.

## Chesapeake & Ohio Ry. Co. v. Crank

Appeal from Lawrence Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Carriers—Ejection of Passengers—Right of Conductor.—Ky. St. 1903, section 806, provides that if a passenger shall, in the hearing of others, and to their annoyance, use or utter obscene or profane language, or behave in a boisterous, riotous manner, it shall be the conductor's duty either to put him off or give notice to some peace officer at the first stopping place. Held that, if a passenger, though not helpless or so drunk as to be incapable of caring for himself, is boisterous or offensive, or vomiting in the car to the discomfort of other passengers, the conductor has a right to eject him,

Chesapeake & Ohio Ry. Co. v. Crank.

after stopping the train, at a place where, in the exercise of ordinary care, it would be reasonably safe to put him off.

2. Same—Sick Passengers.—The statute would not authorize a conductor to put off a sick passenger vomiting or otherwise doing things a well-behaved passenger in good health would not do, but only applies to persons who voluntarily, or while under the influence of liquor, act in a boisterous, indecent, and disgusting manner, to the annoyance of other passengers.

3. Same—Placing Passengers on Platform.—A conductor has no right under such statute to remove an offensive passenger from the car and require him to stand on the unprotected platform of a moving train, and the company is liable to a passenger required to leave a car and take such position, and injured whilst exercising ordinary care.

4. Same—Action for Injuries—Instructions.—In an action by a passenger for injuries caused by falling or being thrown from the platform of a car, where the conductor had put him, an instruction fixing the liability of defendant, regardless of whether or not plaintiff exercised ordinary care to prevent the accident, was prejudicial error.

5. Same.—It was error to instruct that, if the jury found for plaintiff, an injured passenger, to find for him any sum the jury believe he is entitled to, not exceeding $2,000; but in such case the jury should have been told that he was entitled to such damages as would reasonably compensate him for the mental and physical pain and suffering that he endured, if any, by reason of the negligent and wrongful acts of defendant's agents and servants.

6. Damages—Personal Injuries—Pleading—Items.—A petition for personal injuries should specifically allege the items of damages, to warrant an instruction on these points, and a general allegation as to lost time and incurred doctor's bills is insufficient.

W. H. WADSWORTH and LEWRIGHT for appellant.

WORTHINGTON & COCHRAN of counsel.

POINTS AND AUTHORITIES.

1. The trial court erred in overruling appellant's motion for peremptory instruction. (L. & N. R. Co. v. Logan, 88 Ky., 239, 10 S. W., 655; Smith v. L. & N. R. Co., 95 Ky. 11, 23 S. W., 652; C. & O. Ry. Co. v. Saulsberry, 112 Ky. 915, 66 S. W., 1051; Section 806, Kentucky Statutes; Tuttle v. C. N. O. & T. P. Ry.

Chesapeake & Ohio Ry. Co. v. Crank.

Co., 80 S. W., 802; Brown's Admr. v. L. & N. R. Co., 103 Ky. 211, 44 S. W., 648; L. C. & L. R. Co. v. Sullivan, 81 Ky. 624, 5 Ky. Law Rep., 722; L. & N. R. Co. v. Ellis' Admr., 97 Ky. 330, 30 S. W. 979; Fogg's Admr. v. L. & N. R. Co., 63 S. W., 580.)

2. Appellee was not entitled to complain of the jerking of the train or recover therefor. L. & N. R. Co. v. Penrod's Admr., 56 S. W., 1; L. & N. R. Co. v. McGary's Admr., 104 Ky. 509, 47 S. W., 440; L. & N. R. Co. v. Morris, 62 S. W., 1012.)

3. Instructions "3" and "4" are erroneous in that they exclude from the jury's consideration the question as to whether the act of appellant's conductor was reasonable and proper. (L. & N R. Co. v. Logan, Supra; Smith v. L. & N. R. Co., Supra; C. & O. Ry. Co. v. Saulsberry ,Supra; Section 806, Kentucky Statutes; Tuttle v. C. N. O. & T. P. R. Co., Supra; Bohannon's Admr. v. So. Ry. Co., 65 S. W. 169, 112 Ky., 106.)

4. Instruction "3" is also erroneous in so far as it attempts to lay down a rule as to the measure of damages. (L. & N. R. Co. v. Cottengim, 104 S. W., 280; So. Cov. &c. Ry. Co. v. Core, 96 S. W., 562.)

G. W. CASTLE and A. J. GARRED for appellees.

1. The defendant owed to the plaintiff a high degree of care for his protection as one of its passengers, which it did not extend to him, but required him to go out on the platform of the coach in the most dangerous place it could locate him. (See C. & O. Ry. Co. v. Langs Admr., 19 Ky. Law Rep., 65.)

2. There is no proof that appellee was guilty of any negligence that brought the fall and his injury.

3. If appellee was drunk, as was claimed by some of the witnesses, then they owed him a higher degree of care and protection. (See L. & T. R. R. Co. v. Gatewood, 14 Ky. Law Rep., 108.)

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Crank, who was a passenger on one of the appellant's trains, brought this action against the company to recover damages for the wrongful acts of its conductor in forcing him from his seat in the car that he was occupying, and forcibly putting him out on the platform, where he lost his balance and

fell violently to the ground while the train was moving at a rapid rate of speed, injuring him quite severely. Upon a trial before a jury he recovered a judgment, which we are asked to reverse chiefly because of error in the instructions given to the jury.

It is conceded that appellee was a passenger on the train. His version of the affair that resulted in his injuries is as follows: "I got on board the train, and went in, and all the seats were taken. Train seemed to be crowded, and there were no seats. I sat down on the arm of a seat next to the front end of the coach. I was sitting there with my feet out in the aisle, and had been there a little while when Mr. Johnson, the conductor, and two other fellows came into the coach, and he took hold of me and says, 'Come on,' and I asked him what was the matter and what he was going to do to me or what he was going to put me off for, and he gave me no answer, but took me by the shoulder and out on the platform, and stood there. I asked him what he was going to put me off for, and he says: 'You stay here. Don't go back in that coach.' I sat down on the steps and was sitting there, and the train gave a quick jerk and I fell over." There was evidence that appellee was to some extent under the influence of liquor, and that he was vomiting in the car. Whether his vomiting was due to a sudden attack of sickness, or to the effects of whiskey that he had been drinking, we express no opinion. The conductor testifies that when he first saw appellee he was standing in the aisle, "throwing up" in a lady's lap; that he took him by the arm, and led him away from the lady, and offered him a seat, when he said he wanted to get out on the platform, that he was sick and couldn't stay in the car, and he left him standing on the platform in company with some other persons. He further

said that he did not forcibly take him out on the platform, but led him out, and that appellee made no objection to going. Both appellee and the conductor were corroborated in their respective statements by other eyewitnesses to the occurrence. If appellee, although not helpless or so drunk as to be incapable of caring for himself, was boisterous or offensive, or vomiting in the car, to the disgust, annoyance, and discomfort of the other passengers, the conductor had the right to eject him from the train, after he had stopped it, at a place where, in the exercise of ordinary care, it would be reasonably safe to put appellant off. The conductor was authorized to take this action by section 806 of the Kentucky Statutes of 1903, which provides in part that: "If any person while riding on a passenger or other train shall in the hearing of persons or other passengers and to their annoyance, use, or utter, obscene or profane language, or behave in a boisterous, riotous manner, * * * it shall be the duty of the conductor in charge of any train upon which there is a person who has violated the provisions of this section either to put such person off the train or give notice of such violation to some peace officer at the first stopping place where any such officer may be." We do not wish to be understood as saying that this section authorizes the ejection of an orderly, well-behaved passenger who is sick on the train, although his sickness may cause him to vomit or to otherwise do things that a well-behaved, orderly passenger in good health would not be guilty of. It only applies to persons who voluntarily, or while under the influence of liquor, act or behave in a boisterous, disorderly, riotous, indecent, and disgusting manner, to the annoyance of the other passengers. L. & N. R. R. Co. v. Logan, 88 Ky. 232, 10 S. W. 655, 10 Ky. Law

Rep. 798, 3 L. R. A. 80, 21 Am. St. Rep. 332; C. & O. Ry. Co. v. Saulsberry, 112 Ky. 915, 23 Ky. Law Rep. 2341, 66 S. W. 1051, 56 L. R. A. 1051; Tuttle v. C., N. O. & T. P. Ry. Co., 80 S. W. 802, 26 Ky. Law Rep. 152. But the conductor had no right to remove or eject appellee from the car, and require him to stand or remain on the platform of a moving train. The open and unprotected platform of a moving train is an unsafe and dangerous place for passengers to stand or sit, and for this reason all well-regulated railroads forbid passengers from being on the platform. If appellee was required by the conductor to leave the car and take a position on the platform, the company is liable for any injury sustained by appellee, whilst exercising ordinary care for his own safety, that resulted from this wrongful act of the conductor.

But the case must be reversed for the prejudicial error of the trial court in giving to the jury instruction No. 3, reading as follows: "If the jury should believe from the evidence that the defendant by its agents, servants or employes forced the plaintiff, Jerry Crank, from a seat in the car he was occupying, and put him on the platform or steps, and that he lost his balance and fell violently to the ground, while the train was moving at a rapid rate, and that by reason of such fall he injured his arm, shoulder, and one of his feet, which injuries caused him great suffering and loss of time, the law is for the plaintiff, and the jury will find for the plaintiff the damages in any sum they may believe he is entitled to, not exceeding the sum of $2,000." This instruction is open to the criticism that it fixes the liability of the company without regard to whether or not appellee exercised ordinary care to prevent falling or being thrown from the platform, and also in failing to define correctly the meas-

ure of damages to which he was entitled. It will be noticed that the jury were instructed, if they found for plaintiff, to assess his damage in any sum they might believe he was entitled to. They should have been told that, if they found for plaintiff, he was entitled to such damages as would reasonably compensate him for the mental and physical pain and suffering that he endured; if any, by reason of the negligent and wrongful acts of appellant's agents and servants. The petition does not sufficiently allege the impairment of appellee's power to earn money, or show the time lost, if any, or the medical expense incurred in effecting a cure, to warrant an instruction on these points, although there is a general allegation that he lost time and incurred doctor's bills. If plaintiff desired to recover for time lost or expenses incurred by reason of the injury, he should have set out specifically these items in his petition.

On another trial, the court should insert in instruction No. 3 after the words "on the platform or steps and that" these words, "while in the exercise of ordinary care for his own safety," and if the pleadings remain as they are, define in it as heretofore indicated the amount of damages appellee is entitled to recover, and also instruct the jury that, if appellee, without being forced or directed so to do by the conductor voluntarily left the car and went out on the platform to stand or sit, they should find for the defendant.

Wherefore the judgment is reversed, with directions for a new trial consistent with this opinion.