[No. 7446.  Decided January 4, 1909.]

CHARLES R. McCORMICK *et al.*, *Respondents*, v. PAUL F. TAPPENDORF *et al.*, *Appellants.*[1]

SALES—DELIVERY—CASH PAYMENT—BREACH—VENDEE'S INABILITY TO PAY CASH—ACTION BY VENDEE—QUESTIONS FOR JURY.  Upon a sale of ties to be delivered "to ship's tackle along the Columbia river," the terms of payment being "cash on presentation of bill of lading, inspection certificate and invoice" at a certain bank in Portland, which suspended business, the purchaser cannot maintain an action for damages for nondelivery, where it was not prepared to pay cash; and such fact is a question for the jury, where it appears that the vendor engaged a tug to take the ties to the vessel, ascertained that no funds were at the bank for payment, and by telegraph refused delivery until arrangements for cash payment had been made, and vendors answered by telegraph that arrangements for cash payment through Portland banks had not been made and proposed to pay by a ten day's sight draft.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE—SALES—MEASURE OF DAMAGES.  In an action for damages for failure to deliver ties sold to the plaintiffs, the admission of evidence of the expense of a journey taken to secure a settlement is not prejudicial error, where, by the instructions to the jury, the damages were restricted to the difference between the market and contract price, and towage expenses.

MOUNT, J., dissents.

Appeal from a judgment of the superior court for Clarke county, Reid, J., entered October 24, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract.  Reversed.

*A. L. Miller*, for appellants.

*Platt & Platt*, for respondents.

HADLEY, C. J.—This is an action to recover damages for an alleged breach of contract to deliver a quantity of railroad ties.  The terms of the contract are set forth in the following copy of a part of the correspondence between the parties:

[1]Reported in 99 Pac. 2.

"Portland, Oregon, January 23, 1906.
"Vancouver Lumber Company, Vancouver, Wash.

"Gentlemen: We hereby confirm our order for 50,000 pieces of 7x8-8' merchantable Oregon pine ties. These ties not to run over 20 per cent No. 2 merchantable. Any excess No. 2 to be $2.00 per thousand feet less. Inspection and tally at loading point by inspector from Pacific Lumber Manufacturers' Association, or an inspector to be mutually agreed upon.

"Price $9.00 per thousand feet, less 2 per cent. Delivered to ship's tackle along the Columbia River where vessels drawing 20 feet can safely lie afloat. Terms cash on presentation of bill of lading, inspection certificate and invoice at the Bank of California, Portland. Delivery of the entire lot to be not later than June 1, 1906. You agree to notify us thirty days before wanting vessel. Vessel to receive the ties not less than 60,000 feet per day. Yours truly,

"Charles R. McCormick & Co.

"Accepted: Vancouver Lumber Co., by W. Tenney, Manager."

The complaint alleged that the defendants refused to deliver the ties, and recovery for resulting damages was demanded. The defendants answered that they were prepared to carry out their contract, and for that purpose had the ties sawed and delivered at the Columbia river; that they were ready and willing to deliver the ties according to the contract, but the plaintiffs refused to pay for the same or to make provision for payment as provided by the contract. The cause came on for trial before a jury, and resulted in a verdict for the plaintiffs in the sum of $2,325.83. Judgment for that sum was entered against the defendants, and they have appealed.

The court in its instructions did not submit to the jury any questions of fact except the amount of damages to be recovered. The appellants excepted to the action of the court in taking from the jury all questions relative to the contract and the breach thereof. It is contended that failure on the respondents' part to make preparations to pay cash

for the ties on delivery to the ship for loading would be such a breach of their contract as would excuse appellants from actually turning the ties over to them. It is also urged that there was such evidence tending to prove that the respondents made no preparations to pay cash as required the submission to the jury of the question of breach of the contract on the part of appellants. It will be noted that the terms of the contract called for delivery of the ties "to ship's tackle along the Columbia river," and the terms of payment are "cash on presentation of bill of lading, inspection certificate and invoice at the Bank of California, Portland." It is the respondents' contention that the appellants were required to deliver the ties to the ship and receive a certificate of inspection and an invoice, after which they were required to present these to the bank in Portland; that without this they cannot maintain that they are excused from liability. It is true that the appellants could have had no right of action for breach of contract until they had actually made delivery and payment had been refused; but the respondents brought this action, claiming a breach by appellants for failure to deliver the ties. We think they are not entitled to recover, and that appellants are excused, if the evidence shows that at the time the respondents were not in position to make payment as the contract required. One party need not perform a condition precedent if it appears that the other party cannot or will not perform.

"One of two parties should not be required to tender performance when the other has, by act or word, indicated that he will not, or cannot, accept it, or will not, or cannot, do that in return for which the performance was promised. Nor will the courts hold him any longer bound." 9 Cyc. 641.

There was evidence to the effect that, after a vessel was ready to take the ties in the Columbia river, the appellants ordered a tug to tow the ties out to the ship, and then telegraphed the specified bank in Portland to know if arrangements for payment for the ties had been made, and received

a negative reply. Appellants then went in person to the Bank of California in Portland, and also to the United States National Bank of Portland, of which latter bank some mention had been made as the place of payment, by reason of the suspension of business by the Bank of California in San Francisco on account of the recent fire and earthquake. They were informed that no arrangements had been made for payment through either bank. It was testified that appellants then telegraphed respondents that the ties would not be delivered until arrangements for cash payment were made as required by the contract; that the respondents replied by telegram and proposed that the ties be loaded and that the appellants accept a ten-days' sight draft. All this is proper evidence for the jury, as it has a tendency to show that the respondents were not prepared to, and could not, pay cash upon delivery of the ties, and comply with their contract. It is for the jury to say what was the fact in that regard. If they should find from the evidence that respondents had not made preparation to comply with the terms of their contract in regard to payment, and that for that reason they could not do so, then appellants were excused for refusing to actually deliver possession of the ties to respondents.

It is further assigned that the court erred in permitting respondents to testify concerning the expense of a trip from San Francisco to Portland for the purpose of trying to effect a delivery of the ties. This expense is claimed by respondents as an element of damages to be recovered in this action. In submitting the cause to the jury, however, the court did not submit the above question, but restricted the damages to the difference between the market price of the ties on the 1st of June, 1906, and the contract price, and also to money expended by respondents in the towage of vessels which were to receive the ties. It follows that, under no view of the criticized testimony, did prejudicial error accrue therefrom to appellants. For reasons heretofore stated, however, other questions should have been submitted to the jury, and the

judgment is reversed and the cause remanded with instructions to grant a new trial.

FULLERTON, CROW, and DUNBAR, JJ., concur.

MOUNT, J., dissents.