[No. 9161.  Department One.  December 21, 1910.]

MINNIE HORTON, *Respondent*, v. THE CITY OF SEATTLE,
*Appellant.*[1]

MUNICIPAL CORPORATIONS—PERSONAL INJURIES—NOTICE OF CLAIM—
VARIANCE.  Under a claim against a city for personal injuries alleging
that plaintiff was greatly bruised and injured and her whole right
side paralyzed, and that she suffered great pain under her kidney,
it is permissible to show injuries to the right shoulder and back.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.  It is not preju-
dicial error to permit little more than a mere incidental reference to
earning capacity under a complaint failing to allege loss in that
respect.

Appeal from a judgment of the superior court for King
county, Gay, J., entered March 25, 1910, upon the verdict of
a jury rendered in favor of the plaintiff, in an action for
personal injuries.  Affirmed.

*Scott Calhoun* and *James E. Bradford*, for appellant.

*Blaine, Tucker & Hyland* and *Robert C. Saunders*, for
respondent.

PARKER, J.—This is the second appeal in an action to
recover damages for personal injuries.  The first appeal was
disposed of in our decision reported in 53 Wash. 316, 101
Pac. 1091, when the cause was remanded for a new trial be-
cause of errors occurring in the first trial.  A new trial re-
sulted in a verdict and judgment in favor of the plaintiff,
and the city has again appealed.

It is first contended that the trial court erred in admitting
evidence, over appellant's objections, tending to show injury
to the shoulder and back of the respondent, upon the ground
that no statement of such injury was made in the notice of
her claim filed with the city as required by its charter.  The

[1]Reported in 112 Pac. 366.

statement in her claim involved in this contention is as fol-
lows:

"She was greatly bruised and injured and her whole right
side was paralyzed and she suffered great pain under her
kidney and right hip joint; and she also suffered severe pains
in her right leg."

Respondent was permitted to testify, among other things,
as follows:

"A. Well, my back hurt me so bad that I could not hardly
lift anything. . . . . . .  A.  My back hurts me all
the time, I can't lift buckets of water nor nothing of that
kind. . . . Q.  Was your shoulder affected by that
fall?  A.  Yes, I think the doctor said my right shoulder
was about an inch lower than my left one.  Q.  Now, you say
that at the time of the accident this right leg and right arm
were paralyzed; is that right?  A.  Yes, sir; pretty nearly
so, I think.  Q.  I wish you would state to the jury what the
condition has been since that with reference to your right
limbs?  A.  Well, my right hand is cold all the time, and my
right foot is cold and I don't—I can't feel much with that
one, and I froze my foot not very long ago and I didn't know
it was froze until I got home. . . . A.  Well, I just
thought my whole back was hurt, I could not specify that
my shoulder was hurt apart from anything else, it was my
whole back from my shoulder to my hips."

Her physician was permitted to testify, among other things,
as follows:

"The muscles under the shoulder blade, attached to the
shoulder blade on the right side, were in a state of tensity.
. . . A.  What I mean by the back is the right side of
the back, understand, and around as far as the muscle that
I have described has a function, that is, it is attached all
the way along the shoulder blade and will extend pretty well
forward, or at least almost to the median line on the side.
There is tenderness about both this muscle and over the
muscle of the attachment to the wings of the vertebrae on
that side.  And this tenseness and spastic condition of the
muscles attached to the shoulder blade has a tendency to pull
the right shoulder down, keeping it in a state of contrac-
tion. . . ."

It seems clear to us that, under the liberal rule heretofore adopted by this court relating to the sufficiency of a notice of claim such as is here involved, this evidence was all admissible. We have not quoted all of the evidence of this nature objected to, but that above quoted will show its general nature, and we think comes the nearest to being objectionable of any of it. We think it is easy to see that it all has some relation to her claim that her "whole right side was paralyzed." And her reference in her claim to her "great pain under her kidney," of course relates to pain in the region of the back. We think there was no error in admitting this evidence.

It is next contended that the court was in error in admitting evidence relating to respondent's loss of time and earning capacity, upon the ground that the pleadings did not put that matter in issue. A critical examination of this evidence might disclose a possible technical error, but the evidence is little more than an incidental reference to her earning capacity, and it was not followed up by any attempted showing as to the amount of time she had lost because of the injury. If there was any error in this regard it was too insignificant to warrant reversal of the cause.

It was further contended that the question of the city's negligence and of respondent's contributory negligence should have been taken from the jury and decided in the city's favor as a matter of law. We deem it sufficient to say, in answer to this contention, that a careful review of all of the evidence convinces us that it was clearly sufficient to require the submission of these questions to the jury. The other assigned errors are clearly without merit, and we do not think they require discussion.

We find no prejudicial error in the record, the judgment is affirmed.

RUDKIN, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.