[No. 14642.  Department Two.  April 26, 1918.]

## WILLIAM R. ARMSTRONG, *Respondent*, v. SPOKANE INTERNATIONAL RAILWAY COMPANY, *Appellant*.[1]

APPEAL—DISMISSAL—DELAY IN FILING RECORD.  An appeal will not be dismissed for failure to file the record within the time provided by law when the fault was due to the custom of allowing the transcript to remain in the office of the clerk of the court for the use of the adverse party, and to the oversight of the clerk in failing to forward it in time, and the delay was minimized by advancing the cause on the docket of the supreme court.

SAME—NOTICE—PARTIES TO BE SERVED—SURETIES ON COST BOND—WAIVER.  Failure to serve notice of appeal upon the sureties upon respondent's cost bond is not ground for dismissal of the appeal, where the appellant files a waiver of any claim against the cost bond and the sureties thereon.

DAMAGES—PERSONAL INJURIES—SPECIAL DAMAGES—LOSS OF EARNINGS BY FARMER—PLEADING.  In an action for personal injuries sustained by a farmer operating his own lands and other lands under leases, it is not admissible, under a complaint claiming damages "to his person" in a specified sum, to permit the plaintiff to testify that his earning capacity in overseeing his farm work and leases was $1,500 a year, and as to his losses on account of the necessity of giving up his work and leases; since the losses were not the direct, natural and necessary result of the injury, but were due to special circumstances and conditions not implied by law or recoverable unless specially alleged.

APPEAL—REVIEW—CURE OF ERROR—EVIDENCE—INSTRUCTIONS.  In an action for personal injuries, error in admitting evidence of special damages from loss of earning power in plaintiff's business which was not specially alleged, is not cured by instructions to the jury on the measure of damages, limiting plaintiff's recovery to the amount which the jury find will "fairly and honestly compensate him for the personal injuries he himself sustained, if any"; since it did not specify the items of damages to be eliminated nor exclude the objectionable evidence from the jury's consideration.

PLEADING—AMENDMENT—TO CONFORM TO PROOF—WAIVER OF OBJECTION.  A complaint for personal injuries failing to allege special damages cannot be deemed amended to conform to proof of special damages at the trial, where the evidence was duly objected to, and the error is not waived by failing to claim a surprise and ask a continuance, in the absence of offer of amendment.

[1]Reported in 172 Pac. 578.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 2, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a collision with a train. Reversed.

*Allen, Winston & Allen,* for appellant.

*John Pattison* and *Smith & Mack,* for respondent.

ELLIS, C. J.—This is an action for personal injuries. The facts briefly are these. Defendant's railway tracks cross Napa street, in the city of Spokane, at its intersection with Broadway. Plaintiff, at about 8:30 o'clock on the evening of July 22, 1916, was driving his automobile north on Napa street. At the crossing of these tracks a collision occurred between his automobile and the rear end of one of defendant's trains, destroying the automobile and causing the injuries to plaintiff of which he complains. The negligence alleged was backing the train through a cut onto the crossing at a high rate of speed with no lights on the rear end, it being dark, and without giving notice or warning of its approach. Defendant admitted the collision and the destruction of the automobile, denied any negligence on its part and alleged contributory negligence on plaintiff's part. At appropriate times defendant moved for a nonsuit and for a directed verdict. These motions were denied. The jury returned a verdict in plaintiff's favor for $2,600. Defendant moved for judgment *non obstante veredicto* or, in the alternative, for a new trial. These motions were also denied. Judgment was entered on the verdict. Defendant appeals.

Respondent has moved to dismiss the appeal on two grounds: First, that appellant failed to file the record within the time provided by law; second, that it failed to serve notice of appeal upon the cost bond sureties.

As to the first ground, we think a sufficient excuse was shown. It appears that it was the custom in Spokane county to allow the transcript and statement of facts to remain in the office of the clerk of the court for the use of the adverse party in the preparation of his brief, the clerk being instructed to forward all papers to this court when the briefs have been prepared and filed. The transcript and statement of facts were so filed well within the time, but when respondent had prepared his brief, the clerk, apparently through an oversight, failed to forward the record to this court. While the error may have caused some delay, the cause was advanced on the docket of this court for one term, thus minimizing such delay. As to the second ground, it is sufficient to say that appellant has filed in this court a written waiver of any claim against the cost bond and the sureties thereon. The motion to dismiss is denied.

Appellant has advanced several claims of error, but we find it expedient to discuss only one of them except in a general way. The evidence was voluminous and sharply conflicting. We have considered it with much care, but the conclusion which we have reached makes unnecessary an extended statement. We are satisfied that there was ample evidence to take the case to the jury upon the questions of appellant's negligence and respondent's contributory negligence.

Error is assigned upon the failure of the court to give certain instructions requested by appellant. We have considered them carefully in connection with all of the instructions which were given. We find that, in so far as they were proper at all, they were fully covered in every material particular by the instructions which were given. No exceptions were taken to the instructions given by the court. They sufficiently covered the case as presented in every particular save one, to which we shall hereafter advert.

Touching his loss of time, earnings and earning capacity, respondent was permitted to testify that he was a farmer operating his own land and certain leaseholds, and further:

"Q. What was your earning capacity per annum prior to this accident? Mr. Winston: I object on the ground that it is incompetent and immaterial, not within any of the issues in the pleadings, there being no allegations in the complaint of loss of earning capacity. Thereupon the objection was overruled, and it was agreed that defendant need make no further objections to this line of testimony. A. My earning capacity was about $1,500 per year. After the injury I had to get a man. He hitched my team to a binder and it ran away, so I had to hire all my cutting done, and I disposed of my threshing rig because I was not able to take care of it; I gave up the leases because I was not able to work and oversee them; all this on account of my injuries."

Appellant contends that this evidence was inadmissible, in that it tended to prove an element of special damage of which there was no allegation in the complaint. Respondent insists that it was admissible in proof of general damages necessarily resulting from the injury, and that, in any event, its admission, if error, was cured by an instruction.

It is undoubtedly the law that a plaintiff, under a general allegation of damages, may recover all such damages as are the natural and necessary result of such injuries as are alleged, for the law implies their sequence. 2 Sutherland, Damages (4th ed.), § 418. But not every loss which may result from the injury is a natural and necessary result of the injury. Injury to business as such, loss of business profits as such, loss of contemplated contracts or profits thereon are special damages. Where capable of proof at all, they can only be proved under an allegation of the specific facts showing such special damages, and then only by

competent evidence that they resulted from the injury and not from other causes. We attempted to point out this distinction and mark the limits of legitimate proof in the recent case of *Singer v. Martin,* 96 Wash. 231, 164 Pac. 1105, which is cited by appellant. In that case, however, the plaintiff in his complaint alleged that he had been "compelled to neglect his business for over a month." We held that this allegation was sufficient to warrant proof of damages for loss of time or loss of personal earnings, but not damages for injury to business as such, nor for loss of business profits as such. The plaintiff was permitted to introduce evidence of his loss of business profits as such, and the court instructed that he could recover for loss to business. For this error, the judgment was reversed. But we did not hold that the allegation of loss of time and of personal earnings was a necessary allegation to a recovery for such loss. We merely remarked that there was such an allegation in the complaint there involved.

In the case of *Horton v. Seattle,* 61 Wash. 301, 112 Pac. 366, we intimated, without deciding, that evidence of loss of earning capacity was inadmissible under a complaint which failed to allege such loss, but held that the evidence there admitted was little more than an incidental reference to such loss, not followed up by any attempt to prove any loss of time, hence was not prejudicial. We have been cited to no decision of this court directly passing upon the question here involved, and recall none. The decisions from other jurisdictions are hopelessly divided. Many courts hold that damage through loss of time, impaired earning capacity or interference with work, are such necessary results of personal injury as to be capable of proof without being specifically pleaded, especially

when the disability is total or the injury permanent. For examples see: *Murdock v. New York & B. Dispatch Express Co.*, 167 Mass. 549, 46 N. E. 57; *Palmer v. Winona R. & Light Co.*, 83 Minn. 85, 85 N. W. 941; *Terre Haute Elec. Co. v. Watson*, 33 Ind. App. 124, 70 N. E. 993; *Missouri, Kan. & Tex. R. Co. v. Johnson* (Tex. Civ. App.), 37 S. W. 771; *Bailey v. Centerville*, 108 Iowa 20, 78 N. W. 831. Others, perhaps a greater number, hold that such damages are to be regarded as special, provable only when specifically averred. For examples see: *Union Traction Co. of Indiana v. Sullivan*, 38 Ind. App. 513, 76 N. E. 116; *Mellor v. Missouri Pac. R. Co.*, 105 Mo. 455, 16 S. W. 849, 10 L. R. A. 36; *Farrington v. Cheponis*, 82 Conn. 258, 73 Atl. 139; *Chesapeake & O. R. Co. v. Crank*, 128 Ky. 329, 108 S. W. 276, 16 L. R. A. (N. S.) 197; *Irving v. Stevensville*, 51 Mont. 44, 149 Pac. 483; *Illinois Cent. R. Co. v. Beeler*, 142 Ky. 772, 135 S. W. 305; *Fitchburg R. Co. v. Donnelly*, 87 Fed. 135.

But whatever may be the correct rule in case of injuries to laborers, ordinary mechanics and the like, whose earnings may be said to be standardized and hence presumably known to the other party without averment (*Stowe v. La Conner Trading & Transp. Co.*, 39 Wash. 28, 80 Pac. 856, 81 Pac. 97), it seems to us that the rule last above noted should apply in cases where the value of lost time or lost earnings of the injured person are dependent upon peculiar conditions. When the consequences of an injury are peculiar to the circumstances, condition or affairs of the injured person, the law cannot imply damages simply from the act causing the injury. *Tomlinson v. Derby*, 43 Conn. 562, 567. Loss of earnings in a special employment, business or profession, or from any peculiar condition of the injured person, therefore cannot be proved with-

out being alleged.   For illustrative cases see: *Luessen v. Oshkosh Elec. L. & P. Co.,* 109 Wis. 94, 85 N. W. 124; *Rush v. Metropolitan St. R. Co.,* 157 Mo. App. 504, 137 S. W. 1029; *Hart v. Metropolitan St. R. Co.,* 121 App. Div. 732, 106 N. Y. Supp. 494; *Uransky v. Dry-Dock, E. B. & B. R. Co.,* 118 N. Y. 304, 23 N. E. 451, 16 Am. St. 759; *Mellwitz v. Manhattan R. Co.,* 17 N. Y. Supp. 112; *Smith v. Whittlesey,* 79 Conn. 189, 63 Atl. 1085; *Baldwin v. Western R. Corp.,* 4 Gray (Mass.) 333; *Heiser v. Loomis,* 47 Mich. 16, 10 N. W. 60; *Joslin v. Grand Rapids Ice Co.,* 50 Mich. 516, 15 N. W. 887, 45 Am. Rep 54; *Louisville & N. R. Co. v. Reynolds,* 24 Ky. Law 1402, 71 S. W. 516.

Respondent was not a mere farm hand.   He was a farmer, overseeing the operations on his own land and other lands held by him under leases.   The value of his time and the extent of his personal earnings were necessarily dependent on conditions perculiar to himself which could not be anticipated by the appellant. His own testimony made this plain.   Appellant was entitled to notice not only of the extent of his claim of damages, but for what the damages were claimed.   In this respect the complaint was actually misleading. In it he enumerated certain specific injuries to his person, alleged intense past and present pain and suffering and probable future pain and suffering, and claimed damages "by reason of said injuries to his person" in the sum of $15,000, and for the destruction of his automobile, $800.   There was not even an allegation of loss of time.   Aside from the loss of the automobile, the complaint, fairly construed, was a claim for damages for physical pain and suffering alone resulting from the specified injuries.   As said by the supreme court of Florida in *Jacksonville Elec. Co. v. Batchis,* 54 Fla. 192, 44 South. 933:

"If the loss to plaintiff of earnings in her occupation was a direct, natural and necessary result of the injury complained of, so as to be covered by an allegation of general damages, there is no general allegation of damages in excess of the special damages claimed, and such damages are not specifically alleged. Loss of earnings cannot fairly be included in any damages stated and cannot be clearly inferred from any facts alleged in the declaration. The allegations of damage because of injuries and pain and suffering clearly refer to injuries to the person, and not to pecuniary losses. Loss of earnings is not fairly included in or plainly inferable from the allegation of damages for rent paid for plaintiff's place of business which she was compelled to keep closed during her confinement in her room for two weeks. The objection to testimony as to losses by plaintiff of earnings in her occupation should have been sustained in view of the allegations of the declaration."

We are convinced that the allegations of the complaint in the case before us were insufficient soundly to permit the admission of the evidence under discussion for any purpose.

Was the error cured by the instruction of the court touching the measure of damages? We think not. When the court by its instructions either (1) in terms eliminates from consideration specified improperly admitted evidence of special damages, *Gallagher v. Buckley,* 31 Wash. 380, 72 Pac. 79, or (2) in terms confines the recovery to the specific proper items of damages, *McCormick v. Tappendorf,* 51 Wash. 312, 99 Pac. 2, error in the admission of the evidence of the improper items is cured. It will then be presumed that no prejudice has resulted from its admission. But when the instructions neither specify the items of damage to be eliminated nor the items of damage to be included in the jury's consideration, the admission of evidence

of improper items is not cured. In such a case, no court can assume that prejudice did not result. *Chesapeake & O. R. Co. v. Crank, supra.*

"When incompetent evidence is erroneously permitted to go to a jury, and an attempt is subsequently made to withdraw it from their consideration, the direction of the court should be plain and specific—if the harm done is to be avoided. We must not be unmindful of the fact that instructions are addressed to a jury of laymen, not to trained legal minds. The question is not whether the court would have disregarded the offending testimony, but is it certain that the jury has done so." *State v. Albutt,* 99 Wash. 253, 169 Pac. 584.

See, also, *Grays Harbor Boom Co. v. Lownsdale,* 54 Wash. 83, 102 Pac. 1041, 104 Pac. 267. The only instruction which it is claimed excluded this objectionable evidence from the consideration of the jury was insufficient, we think, for that purpose. It reads:

"In the event you find from the evidence that the plaintiff is entitled to recover, then I instruct you that he is entitled to recover only such an amount as you find from a fair preponderance of the evidence will fairly and honestly compensate him for the personal injuries that he himself has sustained, if any, for the damage, if any, to his automobile. You are not at liberty to allow exemplary damages, that is damages by way of punishment or smart money. In the event you find in favor of the plaintiff, then the amount of your verdict cannot exceed the sum of $15,800 or the sum of $15,000 for the injuries sustained by the plaintiff, if you find plaintiff to have sustained any injuries, and $800 for the injury or destruction of plaintiff's automobile, if you find the same to have been injured or destroyed."

It neither, in terms, excluded the objectionable evidence from the jury's consideration nor indicated what items of damages to respondent could properly be considered as resulting from the "personal injuries that

he himself has sustained, if any.'' On its face the purpose of this instruction was to limit the recovery to compensatory as distinguished from exemplary damages. That, at least, was its salient tendency. The offending evidence having been admitted over the specific objection that it was outside the issues, the jury could only infer that the court held it admissible for the purpose of augmenting the damages. There was nothing in the instruction calculated to remove that impression from the mind of the layman, however intelligent.

This is not a case in which we are at liberty to treat the pleadings as amended to conform to the proof. True we have held that, where a case was tried upon an issue not properly within the pleadings we will treat the pleadings as amended to conform to the proof, but no such case is presented here. This can be soundly done only where the evidence was admitted without objection, or where the objecting party has met the issue with evidence under such circumstances that he may be said to have waived his objection. Any other view would make an objection to improper evidence a useless formality. Nor was appellant required to claim surprise and ask for a continuance. Obviously such a claim and request would have been unavailing. The court had already ruled that the evidence offered was within the issues. The natural response to a claim of surprise would have been that the claim was unfounded, and doubtless, for that reason, a continuance would have been denied. It is only where an amendment is asked and permitted that it is incumbent upon the other party to ask for a continuance on the ground of surprise. It would be an absurdity to hold that an objection to improper evidence to be availing must be fortified by the idle formality of a request for a continuance where no amendment was asked for or made.

The judgment is reversed, and the cause is remanded for a new trial with direction to permit respondent to amend his pleadings if he so desires.

WEBSTER, MOUNT, HOLCOMB, and CHADWICK, JJ., concur.