[No. 21488.   Department One.   April 12, 1929.]

WARREN E. WRIGHT *et al., Respondents,* v. DANIEL
ZIDO *et al., Appellants.*[1]

[1]Reported in 276 Pac. 542.

*Farrell, Meier & Meagher* and *Lowden Sammis,* for appellants.

*Van Dyke & Thomas,* for respondents.

MITCHELL, C. J.—This is an appeal from a judgment on a verdict awarding damages to the plaintiffs, respondents, on account of injuries sustained by respondent Mrs. Wright as the result of alleged negligence of the appellant Schoenberg in driving an automobile while engaged as an employee in the service of appellants Zido.

The accident occurred about one-thirty o'clock in the afternoon of July 20, 1927, on Pike street near Third avenue in Seattle. Mrs. Wright was a passenger on a street car on Pike street. The westbound street car on which she was a passenger stopped within the safety zone near Third avenue to discharge passengers, the rear of the street car being about seventy-five feet east of the east property line of Third avenue. The right hand or northerly street car rail is fifteen and a half feet from the curb on the north side of Pike street.

A number of passengers, including Mrs. Wright, alighted from the street car at the rear exit. She was the last one to leave the street car and the only one who did not safely reach the north sidewalk of Pike

street. Upon her taking one or two steps from the street car, Schoenberg, driving an automobile truck belonging to Zido and wife, ran upon and against her, knocking her down and severely injuring her. The defendants have appealed from the judgment against them.

The first complaint here is that the trial court erred in permitting Mrs. Wright to exhibit to the jury the scar upon her right leg caused by the removal of a piece of bone, used in a bone graft operation upon her left limb that was fractured in the accident. It appears, however, that the proof was reasonably within the issues presented by the pleadings. It was alleged in the complaint that she was injured by a displacement and fracture of the left femur, which necessitated the bone graft operation performed by her surgeon. These allegations were denied by the answer of the defendants; and in supporting the allegations of her complaint, she testified to the fracture of her left femur and the necessity for the bone graft operation, and evidently by way of corroboration and without any appearance of attempting to unduly influence the jury, she was asked to and did exhibit the scar on her right leg from which a piece of bone had been taken for the bone graft operation. Appellants' objection to exhibiting the scar was as follows:

"I do not think it necessary. I do not think that that is an accidental injury for which we are liable."

There is no contention on the appeal that the verdict and judgment were excessive, and the admissibility of the testimony complained of—the exhibition of the scar—being at least within the discretion of the trial court (*Cook v. Danaher Lumber Co.*, 61 Wash. 118, 112 Pac. 245), excludes the idea of prejudicial error.

Next, it is argued that Mrs. Wright was guilty of contributory negligence that barred recovery, as a

matter of law. The street intersection was a busy one at that time, being provided with an overhead automatic traffic signal and also a traffic policeman. The driver of the automobile testified that he was driving about a foot from the curb at about fifteen miles per hour, and had slowed down to about twelve miles per hour when Mrs. Wright stepped in front of the moving automobile and was injured. He admitted that he had not stopped or attempted to stop before striking her. She testified that, as she was leaving the street car, she looked and saw no approaching automobile, that she stepped down and upon taking one or two steps, claiming to have been either within or near the safety zone, that the appellants' automobile, driven rapidly and without any warning, ran against her.

Appellants rely upon the rules often expressed that one will not be heard to say he looked and did not see an oncoming machine when he must have seen it if he had looked, and that one is guilty of contributory negligence barring recovery if he is injured by stepping in front of an approaching car if the danger is open and apparent. A section of the traffic ordinance of the city required the driver of the automobile to stop his car before passing by the street car, and Mrs. Wright had the right to expect all persons to observe that rule. Whether, at that time and place of considerable traffic activities, Mrs. Wright, upon looking as she stepped off the street car and seeing no automobile, as she testified, was thereafter compelled to look again to protect herself from an automobile travelling at such place twelve to fifteen miles an hour, in order to measure up to the conduct of a reasonably prudent person under such circumstances, was a matter which, in our opinion, was to be determined by the jury rather than as a matter of law by the court.

Appellants call our attention to *Jones v. Seattle*, 144

Wash. 188, 257 Pac. 393. In material respects, however, that case was different from the present one. There the front end of the street car was used by passengers; the accident occurred at an unimproved street intersection where no signs were maintained to indicate that it was a place at which street cars customarily stopped; and no one testified that the injured person, who happened to be killed by the accident, looked for traffic approaching from the direction of the automobile at or before the time he alighted from the street car. In the present case, just the opposite as to all of those things was shown.

Under this assignment of error, appellants further complain of statements made by the trial court, in denying their motion for a nonsuit at the close of the plaintiffs' case, claiming that such statements were prejudicial to them. As we understand the record, those statements were made in reply to the arguments on behalf of appellants on their motion for a nonsuit, and were made in the absence of the jury.

Upon the rejection of evidence offered on behalf of appellants, they made an offer of proof to the same effect,

". . . that it is the practice and custom of traffic officers at the point in question to direct traffic to proceed without stopping, past the safety zone, regardless of whether passengers are alighting from or entering a street car, provided that six feet can be maintained from the street car to the nearest side of the automobile."

The offer was rejected and counsel assign error thereon. The ordinance of the city regulating traffic at such places was admitted in evidence and the evidence further showed that a traffic officer was on duty at the intersection at the time of the accident. Anything that the officer might have done or ordered to be done within the terms of the ordinance would have

been proper evidence, but not any practice or custom of traffic officers at the point in question; because, if otherwise admissible, which we do not decide, no such practice or custom was pleaded.

■ The appellants proposed an instruction quoting section 50 of the traffic ordinance as follows:

"At intersections where traffic officers are on duty, or an automobile traffic signal is located, pedestrians shall cross the street with the released traffic and not otherwise,"

and requested an instruction that a violation of it was negligence in itself and that, if the jury found Mrs. Wright failed to comply with this section, she was negligent, and that, if the jury further found that such negligence contributed to her injury, the verdict should be against the plaintiffs. The court refused to give the instruction and the refusal is assigned as error. The argument is that Mrs. Wright should have gone seventy-five feet down the safety zone and then at proper official signal have turned to the sidewalk. In our opinion the ordinance does not require a pedestrian to remain for all that time on a street at or near a busy street intersection rather than step across to the curb near by, from the street car. Section 50 is evidently intended to take care of pedestrians immediately on intersections by having them cross only with released traffic, that is, on two parallel sides rather than all four sides of the intersection at the same time.

■ Section 109 of the traffic ordinance No. 53223 of the city provides:

"When overtaking or passing a street car on its right-hand side, a driver of a vehicle shall bring such vehicle to a full stop before passing over or by any place where a street car is stopping or stopped, and shall not proceed when persons are getting on or off, or about to get on or get off of said street car, unless

said driver can maintain a distance of at least six feet between said vehicle and the running board or lower step of such street car.''

Upon this section, appellants requested an instruction that, if the jury found by a preponderance of the evidence that the driver of the automobile in question was, at the time of the accident, maintaining a distance of at least six feet between his vehicle and the running-board or lower step of the street car, he was under no obligation by reason of said ordinance to bring his automobile to a full stop. The refusal to give this requested instruction is assigned as error.

In our opinion this section of the ordinance requires the driver of a vehicle passing a street car on the right-hand side to bring the vehicle to a full stop before passing over or by any place where a street car is stopped; and that, after such full stop, the driver shall not proceed when persons are getting on or off or about to get on or off the street car unless the driver of the vehicle can maintain a distance of at least six feet between the vehicle and the running board or lower step of the street car. The ordinance requires that the vehicle be stopped, but the requested instruction would excuse it.

An instruction was requested by appellants and refused by the trial court upon the subject of how one should leave the safety zone upon alighting from a street car. What has already been said upon that subject by us is, we think, a sufficient answer to this assignment.

The refusal of the trial court to give a requested instruction relating to a definition of and the effects of contributory negligence constituted no error in our opinion, for the reason that the subject was fully covered by instructions that were given in language of the court's own choosing.

█ Appellants assign error also upon the court's instructions as to the legal effect of a violation of the ordinance regulating the conduct of one driving a vehicle by a street car taking on or discharging passengers, to the effect that such violation would constitute negligence and that, if such negligence was the proximate cause of the injury complained of, the person thus violating the ordinance would be liable. The objection to this instruction on behalf of the appellants is that it fails to add or provide for an exemption from liability if the injured person was guilty of contributory negligence. However the court had already correctly and fully instructed the jury on the subject of proximate cause and contributory negligence, and there was no need of repeating them in this connection.

Other assignments of error are disposed of by our views already expressed herein.

Affirmed.

HOLCOMB, FULLERTON, TOLMAN, and BEALS, JJ., concur.