[No. 24108. Department Two. November 17, 1932.]

AZEAL POMIKALA et al., *Respondents*, v. MAUDE CARTWRIGHT, *Appellant*.[1]

[1]Reported in 16 P. (2d) 204.

*F. A. Latcham,* for appellant.

*L. B. Sulgrove* and *Bartlett Rummel,* for respondents.

MAIN, J.—The plaintiff brought this action to recover damages for personal injuries, and also property damage. The cause was tried to the court and a jury. At the conclusion of the testimony, the action as to the defendant B. W. Steely was dismissed. The jury returned a verdict in favor of the plaintiffs, and against the other defendant Maude Cartwright, in the sum of three thousand dollars. Motions were made for judgment notwithstanding the verdict and, in the alternative, for a new trial; both of which motions were overruled and judgment was entered upon the verdict, from which Mrs. Cartwright appeals.

The collision between two automobiles took place near the intersection of south Eightieth street and south Sheridan avenue, in the city of Tacoma, November 4, 1931, at about ten o'clock a. m.. South Eightieth street extends east and west, and Sheridan avenue north and south. The northwest corner of the intersection is rounded, as is also the northeast. On the property adjoining this curve at the northwest is · a five-foot bank. South Eightieth street, as it approaches the intersection, is downgrade. Neither street was paved, but both were graveled to the width of about twenty feet. To the south of the intersection, south Sheridan street was not graveled, but there was

what was referred to as a trail which could be used by automobiles.

The respondents were proceeding east on south Eightieth street in a Pontiac sedan, at a speed of about twenty-five miles per hour, until they neared the intersection, when the automobile was slowed down to seven or eight miles per hour. As the appellant approached the intersection, she turned to the right to go west on south Eightieth street. At or near the intersection, the left front of the appellant's car collided with the left rear of the car of the respondents, which at the time was being driven by Mr. Pomikala. After the collision, the Hudson automobile crossed the street to the south, the Pontiac crossed to the southeast corner of the intersection where it turned over, and Mrs. Pomikala suffered the injuries for which recovery is sought in this action.

The testimony as to the relative position of the two cars at the time of the collision is directly in conflict. The respondents both testified that they were to the south of the center of south Eightieth street, and were on their right-hand side of the road. The appellant testified that she was on her right-hand side of the road, and that the Pontiac car approached in the center of the road, with its left side over the center line. Neither driver saw the other until almost the instant of impact.

It is first contended that the court erred in not sustaining the appellant's motion for judgment notwithstanding the verdict, either on the ground that there was no negligence or that the driver of the Pontiac was guilty of contributory negligence. If the facts, as testified to by the respondents, are true, the appellant, as she rounded the curve, made a wide swing and was over the center line of the highway,

and the car of the respondents was on its right-hand side, with ample space for the appellant to have passed on her right-hand side, if she had been there. The appellant says, as already indicated, that she was on her right-hand side, and that it was the Pontiac that was over the center on her side of the road.

This presented, concretely, a question of fact for the jury to determine. The appellant, however, says that, under the situation as it is presented in this case, the testimony amounts to no more than a scintilla of evidence. But with this contention, we cannot agree. The testimony was positive and direct, and was of a substantial character which the jury had a right to believe.

It is also said that the physical facts dispute the testimony of the respondents. This contention is based, to a considerable extent, on the position of the respective automobiles after the collision, and the course which each took. It is said that, after the rim was knocked off of the left wheel of the appellant's car at the time of the collision, there was a skid mark or furrow that started north of the center line of the road and continued to the south side of the street. Even though this skid mark or furrow was made by the left wheel of the appellant's car, it would not conclusively show that the car was on that side of the street at the instant of collision. It cannot be unerringly determined from what automobiles do after a collision exactly where they were or what they were doing before.

As to contributory negligence, it is argued that Mr. Pomikala should have seen the Hudson automobile as it was coming around the curve. He testified that he saw it when it was about one hundred feet distant from the intersection when he was a like distance therefrom. As he approached the intersection,

the motor having been started only a short time before, he leaned over, pushed in the choke and looked to see if a car was approaching from the right. At this instant, Mrs. Pomikala screamed, and the cars came together.

We see nothing in the evidence which would justify the conclusion that Mr. Pomikala was guilty of contributory negligence as a matter of law. The driver of the Pontiac had a right to assume, until it appeared to him to the contrary, acting as a reasonably prudent person, that the Hudson, if it rounded the curve to the west, would keep on its own right-hand side of the road. Plainly, the questions of negligence and contributory negligence were for the jury's determination.

In submitting the case to the jury, the court gave an instruction to the effect that the violation of a city ordinance constituted negligence in itself, and, if such violation resulted in injury or damage to another, the person violating such ordinance was responsible for such negligence. It is said that this instruction was erroneous, in that it does not contain a proviso to the effect that such negligence, if there were such, must be the proximate cause of the accident.

In other instructions, the jury were definitely told that the plaintiffs could not recover except on the ground of negligence, which proximately caused the collision, and defined what is meant by proximate cause. While the instruction would have been more accurate had it contained the provision mentioned, the jury could not have been misled by it as given, and there was no prejudicial error in this regard.

A number of other instructions are complained of, as well as the refusal of the court to give a requested instruction. These have all been considered, but we

do not find in any of them substantial merit. The instructions, excepting the one particularly mentioned, fully and accurately covered the issues and the evidence in the case, and there was no error therein. The requested instruction was fully covered in the instructions given, and there was no error in this regard.

█ Finally, it is contended that the amount of the verdict indicates passion and prejudice on the part of the jury. From the evidence, the jury had a right to find that the damage to the Pontiac car was approximately $350, which would leave a balance of about $2,650 for the injuries sustained by Mrs. Pomikala. At the time of the accident, Mrs. Pomikala was rendered unconscious, and, in addition to bruises, suffered a sprain or stretch of the sacroiliac joint. For this injury, she was thereafter treated by a physician, and was being treated therefor at the time of the trial.

Upon the question of the duration of the injury, the extent to which it would interfere with Mrs. Pomikala in the doing of her household work, and the pain and suffering which it would cause, the testimony of the doctors called by the respective parties was directly in conflict. The jury had a right to accept the views of the doctors called by the respondents. Without further reviewing the testimony upon this matter, it may be said that we find nothing in the record which would justify this court in saying that the amount of the verdict is such that we should conclude that the jury were actuated by passion or prejudice.

The judgment will be affirmed.

TOLMAN, C. J., STEINERT, BEALS, and HERMAN, JJ., concur.