[No. 24362. Department Two. July 3, 1933.]

ELIZABETH STEWART, *Respondent,* v. V. A. NELSON *et al., Appellants.*[1]

*Ralph S. Pierce* and *Edwin J. Cummins,* for appellants.

*Wm. R. Bell,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The defendants denied liability, and affirmatively pleaded contributory negligence on the part of the plaintiff. The cause was tried to the court and a jury, and resulted in a verdict in favor of the defendants. The plaintiff moved for a new trial upon a number of grounds. The motion was sustained upon a particular ground stated in the order granting the new trial, from which order the defendants appealed.

The facts essential to be stated are these: The accident out of which the litigation arose happened May 19, 1931, at about 1:30 p. m., at or near the intersection of Pike street and Third avenue, in the city of Seattle. Pike street extends east and west, and Third avenue north and south. Upon both of these streets there are double street car tracks. To the north of the north track on Pike street, there is a safety zone, which is indicated by buttons placed upon the pavement. At the intersection, which is in the business district of the city and where traffic is heavy, is a signal light which regulates the movement of traffic, both vehicular

and pedestrian, across the intersection. Vehicles approaching the intersection from the east on Pike street pass between the curb and the outer boundary of the safety zone, which is the place from which passengers board street cars and alight therefrom.

For some minutes prior to the accident, the respondent was standing on the sidewalk about twelve or fifteen feet east of the east crosswalk of the intersection across Pike street, waiting to board a street car to take her to her destination, which was down Third avenue. An automobile approached the intersection from the east on Pike street and stopped. Other automobiles from the rear were approaching, one of which was owned by the appellants and driven by the appellant V. A. Nelson. A street car approached which the respondent desired to take, and she left the sidewalk twelve or fifteen feet east of the east intersection line, passed behind the first automobile, was struck by the automobile driven by Nelson, and sustained the injury. for which she sought recovery. To reach the safety zone, she did not use the crosswalk or pedestrian lane and enter that zone from the end.

In submitting the case to the jury, the court quoted § 46 of the traffic ordinance of the city of Seattle, which provides that:

"Pedestrians shall not step into that portion of the street open to moving traffic at any point between intersections in the business district except to board a street car or enter a safety zone at right angles. Safety zones shall be entered and left from the end nearest the intersection only;"

and then stated that if the respondent

" . . . left the sidewalk for the purpose of entering such safety zone at any place other than the end of such safety zone next the intersection, then she would be guilty of negligence as a matter of law, and if such negligence upon her part contributed to the in-

jury, if any, by her sustained, she cannot recover in this action.''

The trial court, being of the opinion that too strict a construction had been placed upon the ordinance, granted the new trial for this specific reason, reciting the instruction in the order and stating therein definitely

'' . . . that plaintiff's motion for an order granting a new trial herein be, and the same is hereby, granted on the ground and for the reason that instruction No. 12, as given by the court, puts too strict a construction on the ordinance referred to in said section and is not a correct statement of the law; . . .''

█ The first question is whether the instruction, as given, was correct. The ordinance expressly provides that ''safety zones shall be entered and left from the end nearest the intersection only.'' This language is so clear and explicit as to leave no room for construction. The regulation of traffic was a matter which was within the province of the city council, and, when that body has spoken in unequivocal language, such language must be given effect. The respondent did not enter the safety zone in the manner provided in the ordinance. The instruction was in exact accord with the language of the ordinance, and was correct in this regard. It has many times been said by this court that failure to observe the requirements of a statute or ordinance is negligence, and if such negligence contributed to the injury in a material or substantial degree it will bar a recovery.

The case of *Wright v. Zido,* 151 Wash. 486, 276 Pac. 542, is cited and relied on as supporting the ruling of the trial court on the motion, but in that case no mention is made of the section of the ordinance here in-

volved, and for this reason that case cannot be regarded as controlling.

It is next said that the order of the trial court does not affirmatively show that the motion for new trial was granted because of the error in the instruction and for no other reason. Where the order shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order will not be disturbed if it was within the sound discretion of the court to make it upon any of the grounds stated. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Field v. North Coast Transportation Co.,* 168 Wash. 515, 12 P. (2d) 749. Where, however, no element of discretion is involved and the court grants the motion for new trial on a specific ground stated in the order, this court will review the trial court's disposition of the motion, upon the appeal from the order granting the new trial. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142; *Anderson v. Barneson,* 165 Wash. 16, 4 P. (2d) 833.

We think the order granting the new trial in this case shows affirmatively that it was granted for the specific reason therein stated, and brings the case within the rule of the cases cited. There is here no question of discretion, but one of law only. The trial court was in error in granting the motion for new trial, because the instruction, as given, was in exact accord with the ordinance.

It is further contended that the instruction complained of was erroneous, in that it told the jury that, if the negligence of the respondent "contributed to the injury," she could not recover. It will be admitted that the instruction in this regard is technically erroneous. It would have been more accurate to have

said "contributed in a material or substantial degree." In another instruction, the court correctly defined contributory negligence. When the instructions are read in their entirety, it seems reasonably clear that the jury could not have been misled by the language used in the instruction. The error was not of such a character as to call for the granting of the motion for new trial. *Pomikala v. Cartwright,* 170 Wash. 192, 16 P. (2d) 204.

The language here used is materially different from that which appeared in an instruction in the case of *Rainier Heat & Power Co. v. Seattle,* 113 Wash. 95, 193 Pac. 233, which was held to be erroneous. There, the instruction contained the language "contributed in any manner to the damages." The instruction in the present case does not go that far, and we think there is a substantial difference between the two instructions.

The order of the trial court granting the new trial will be reversed, and the cause remanded with direction to the superior court to enter a judgment upon the verdict of the jury.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.

ON REHEARING.

[*En Banc.* October 23, 1933.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the Departmental opinion heretofore filed herein.