[No. 31669. Department Two. June 21, 1951.]

ELMER R. LEITH et al., *Respondents*, v. GEORGE WHITE et al., *Appellants.*[1]

*Geo. H. Crandell,* for appellants.

*Medley & Haugland* and *Fey & Wheeler,* for respondents.

[1]Reported in 232 P. (2d) 823.

HAMLEY, J.—Elmer R. Leith and his wife, Veretta A. Leith, brought this action to recover damages for personal injuries sustained during an altercation with defendants. The jury returned a forty-five-hundred-dollar verdict for plaintiffs on their first cause of action, relating to injuries suffered by Mr. Leith. On the second cause of action, pertaining to injuries suffered by Mrs. Leith, the jury returned a verdict for plaintiffs in the sum of five hundred dollars. Judgment was entered accordingly, and defendants have appealed.

The claimed errors relate only to the first cause of action. Mr. Leith will therefore be referred to as though he were the only plaintiff and respondent.

Appellants contend that, in view of the allegations of the complaint, it was error to receive, over objection, proof of pain and suffering resulting from injuries affecting respondent's neck, left shoulder, back, ribs and kidneys.

Paragraph IV of the complaint, in relating the nature of the assault, alleges that one of the appellants struck respondent a hard blow in the face with his fist; that respondent was knocked off his feet by the blow; that two of appellants held respondent's arms while a third appellant proceeded to administer a further beating with his fists; that one of the appellants bit off a large part of respondent's ear; and that a few moments later respondent was again attacked by one of appellants.

Paragraph VI of the complaint then alleges as follows:

"That the plaintiff, ELMER R. LEITH, has suffered and still is suffering great and excruciating pain by reason of the loss of his ear; that by reason of said pain, and fears and apprehensions aroused by the appearance of his mutilated ear, plaintiff's nervous system has suffered a severe shock and will remain permanently impaired; that plaintiff's ear will never again assume its original proportions: that its general appearance will humiliate and embarrass him; that a series of operations will be required in order to lessen the offending appearance of the ear; that he will be under a doctor's care and treatment for a period of more than one year."

Respondent testified at length regarding the injury to his ear. He was then permitted to give the following testimony, which is the basis of this assignment of error:

"Q. What if any other suffering did you have from—as a result of the altercation beside the trouble with the ear?

"MR. CRANDELL: That isn't within the issues. The entire issue is the pain and suffering as a result of the ear, specifically stated, as I read Paragraph 6 of the first cause of action. MR. PELZ: I believe, Your Honor, that the complaint does state that he was hit in the jaw and on the back of the neck, and I believe it not necessary expressly to plead suffering from such injuries. THE COURT: He alleges that defendants White and Parsons grabbed him and held him while the defendant proceeded to administer a further beating. I think that is broad enough. Yes. Go ahead. MR. CRANDELL: Exception. THE COURT: Very well. Q. What if any other discomfort or sensation did you feel from the fight besides the trouble with your ear? A. My neck was sore and stiff and everything, and my left shoulder, I couldn't use that at all, and my back, a few ribs, and kidneys where I was hit, and, in fact, down here. That was all sore for a couple of weeks on the job. That is the reason I couldn't bend over on it. They put me on another job—decided it would be a little easier. MR. CRANDELL: I move to strike it. THE COURT: It may stand. MR. CRANDELL: Not being within the issue. Exception."

This testimony was not admissible under paragraph VI of the complaint, relating to damages resulting from injury to the ear, and respondent does not so contend. Respondent argues, however, that paragraph IV, summarized above, gives notice of injuries affecting other parts of respondent's body, and that where alleged injuries are manifestly such as to necessarily be followed by pain and suffering, an express allegation of pain and suffering is unnecessary.

This latter proposition is undoubtedly true. *Hines v. Foster,* 166 Wash. 165, 6 P. (2d) 597. We do not agree, however, that paragraph IV of the complaint gave notice of injuries affecting these other parts of the body. The plain purpose of paragraph IV of the complaint is to state a cause of action by setting out the facts constituting the alleged wrongful assault. Even if intended as a recital of injuries,

it will be observed that there is no reference in paragraph IV to any injury to respondent's neck, shoulder, back, ribs, or kidneys.

The allegations as to damages are set forth in paragraph V and VI. Paragraph V relates to the damages regarding respondent's personal property, and paragraph VI relates to damages resulting from personal injuries. As before indicated, paragraph VI makes no mention of injuries affecting any part of the body other than the ear. Testimony as to pain and suffering resulting from other injuries therefore went beyond the allegations of the complaint and entitles appellants to a new trial, unless such relief is to be denied upon the basis of other arguments advanced by respondent.

Respondent takes the position that the appellants, on this appeal, have not claimed that the verdict was excessive, and that therefore the admission of this evidence was not prejudicial error. *Eckhart v. Peterson,* 94 Wash. 379, 162 Pac. 551, and *Wright v. Zido,* 151 Wash. 486, 276 Pac. 542, are cited in support of this proposition. In the *Eckhart* case, it was held that the admission of evidence on the question of damages, not warranted by the pleadings, will be deemed prejudicial only where a claim was made in the lower court that the verdict was excessive. In the *Wright* case, the same conclusion was reached because there had been no contention on the appeal that the verdict and judgment were excessive.

In the instant case, however, appellants did claim, both in the trial court and on this appeal, that the verdict and judgment were excessive. Appellants filed a motion for a new trial, setting forth the eight statutory grounds (Rem. Rev. Stat. (Sup.), § 399 [P.P.C. § 78-3]). The fifth and sixth of these statutory grounds question the amount of damages awarded. The motion for a new trial was denied, and this action by the trial court was assigned as error. The case before us is therefore to be distinguished from the *Eckhart* case, where it was said:

"So far as the record shows, no claim of excessive verdict was made in the lower court. The motion for a new trial was based upon all of the statutory grounds save the fifth and the sixth, which alone refer to excessive recovery. We

must assume that this ground was omitted from the motion advisedly. The claim that the damages are excessive cannot be raised for the first time in this court. Moreover, even in this court, though in the brief it is asserted that the verdict is excessive, none of the assignments of error are based upon that specific ground." (pp. 384-5.)

Respondent further contends that, in any event, appellants did not follow the statutory procedure relative to variances between pleading and proof, and are therefore not entitled to a new trial because of the admission of this testimony. Reference to the portion of the statement of facts quoted above will indicate that appellants objected to the testimony on the ground that it was not within the issues. Appellants, however, made no statement that they were thereby misled to their prejudice, and offered no proof to this effect.

The applicable statutes, which have been an integral part of our system of code pleading since territorial days, are as follows:

Rem. Rev. Stat., § 299 [P.P.C. § 84-1]: "No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just."

Rem. Rev. Stat., § 300 [P.P.C. § 84-3]: "When the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

Rem. Rev. Stat., § 301 [P.P.C. § 84-5]: "When, however, the allegation of the cause of action or defense to which the proof is directed is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within the last two sections, but a failure of proof."

The salutary purpose of these provisions to "correct the harshness of the common-law rules relating to variance" is well expressed by Judge Fullerton in *Olson v. Snake River Valley R. Co.*, 22 Wash. 139, 60 Pac. 156. Similar provisions,

with unimportant verbal variations, are contained in the statutes of at least twenty-five code-pleading states. Code Remedies, John Norton Pomeroy (5th ed.) 502, § 329. In this state, the number of decisions which have considered and applied these provisions is legion, as will be noted by a reference to the annotations in Remington's Revised Statutes.

Rem. Rev. Stat., § 299, relating to material variances, is open to the construction that the objecting party must, at the time of making the objection, claim and offer to prove that he was misled, and move to require the other party to amend. There is language in some of our decisions which tends to support this view. See *West v. Airth,* 12 Wn. (2d) 77, 120 P. (2d) 536, where this view is expressed by way of dictum, and cases there cited.

 In our opinion, however, the objecting party is not, under the statute, required to claim and offer to prove that he was misled to his prejudice, unless and until the trial court has first ruled that there is a variance. The only purpose to be served by such a claim and proof is to establish that the variance is a material one, possibly entitling the objecting party to a continuance or other relief, instead of an immaterial variance, in which case the objecting party is entitled to no relief. Until it has first been established that there is a variance, this statutory procedure is pointless.

In *Armstrong v. Spokane International R. Co.,* 101 Wash. 525, 172 Pac. 578, the reception of evidence as to special personal injury damages not pleaded was held reversible error. In answer to a contention that appellant should have claimed surprise and asked for a continuance, this court said:

"Nor was appellant required to claim surprise and ask for a continuance. Obviously such a claim and request would have been unavailing. The court had already ruled that the evidence offered was within the issues. The natural response to a claim of surprise would have been that the claim was unfounded, and doubtless, for that reason, a continuance would have been denied. It is only where an amendment is asked and permitted that it is incumbent upon the other party to ask for a continuance on the ground of surprise. It would be an absurdity to hold that an objec-

tion to improper evidence to be availing must be fortified by the idle formality of a request for a continuance where no amendment was asked for or made." (p. 534.)

The same view was expressed in *Eckhart v. Peterson, supra,* where we said:

"Nor was it incumbent upon appellant to move for a continuance, in the absence of an amendment to the complaint. He had the right to demand a correct ruling confining the evidence to the issues as made up, thus forcing respondents to stand on her pleading or ask leave to amend. After such amendment, and then only, should the failure to ask a continuance on the ground of surprise be construed as a waiver. Any other view would practically abrogate the necessity for framing issues by a plain and concise statement of the facts as required by statute, Rem. Code, § 258, and would make an objection to the introduction of evidence as outside the issues an idle formality." (p. 384.)

See, also, *Anderson v. Rucker Bros.,* 107 Wash. 595, 183 Pac. 70, 186 Pac. 293, 8 A. L. R. 544.

In the case before us, as soon as appellants objected to the testimony as being outside the issues, the court ruled that the pleadings were broad enough. The trial court held, in effect, that there was no variance. Hence, the stage was never reached where, under the statute, appellants were required to claim and prove that they were misled to their prejudice, and that the variance was therefore a material one. It is our conclusion, therefore, that appellants are not to be denied a new trial because of the asserted failure to follow the procedure prescribed by Rem. Rev. Stat., § 299.

The other errors assigned, upon the basis of which a new trial was sought, involve variances between pleading and proof which are not likely to again be encountered, and for this reason need not be discussed in this opinion. Respondent may amend his pleadings if he so desires. *Armstrong v. Spokane International R. Co., supra.*

The judgment, in so far as it awards five hundred dollars on the second cause of action, is affirmed. In all other respects, the judgment is reversed and remanded, with in-

structions to grant appellants a new trial on the first cause of action.

SCHWELLENBACH, C. J., MALLERY, GRADY, and WEAVER, JJ., concur.

August 2, 1951. Petition for rehearing denied.