[No. 9583.  Department Two.  June 10, 1911.]

## MRS. G. A. MORRISON, *Respondent* v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

CARRIERS — STREET RAILWAYS — SETTING DOWN PASSENGERS — INSTRUCTIONS. An instruction relating to the negligence of a street car conductor in starting a car, from which plaintiff had alighted, while her dress was caught on the car is within the pleadings and proof that the car was started while she was attempting to leave it after it had come to a stop.

SAME—CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS. In an action for injuries sustained by a passenger on a street car, instructions to find for the plaintiff if the allegations of the complaint are proved, unless her own negligence caused the injury, are not erroneous as ignoring the defense of contributory negligence, where other instructions properly submitted that issue.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 22, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in alighting from a street car.    Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*Marion A. Butler* (*Milo A. Root*, of counsel), for respondent.

[1]Reported in 115 Pac. 1076.

Morris, J.—Respondent, a widow, having sustained injuries through the alleged negligence of appellant, recovered judgment for damages, and the company appeals.

The errors assigned are in the instructions to the jury, the first one complained of being this:

"If you should believe from the evidence in this case that the plaintiff while alighting from one of defendant's cars at a place where it had stopped to permit her to alight, had certain of her clothing caught on anything connected with the car, and that the conductor saw, or might have seen by exercising the care I have told you the law requires, that her clothing was thus caught, but that said conductor started said car while said passenger was thus entangled, and that she was injured thereby as alleged in the amended complaint, then I instruct you that such conductor would be guilty of negligence which is chargeable against the company."

No complaint is made of this instruction as not correctly stating a proper rule of law, but it is attacked upon the ground that it presented an issue to the jury not raised by the pleadings nor properly within the issues; and in support of this contention, reference is made to paragraph two of the amended complaint, where it is charged that:

"The plaintiff while attempting to alight from said car, the same having stopped for that purpose, was thrown violently and with great force against the gate or side of the car . . ."

This, it is said, charges negligence after the starting of the car, while the instruction, it is said, refers to the negligent act of the conductor before the car started. Paragraph three of the amended complaint also refers to the manner of the accident, and alleges that the injuries were caused by the negligence of the defendant in starting the car without notice to plaintiff. The negligent act complained of was in starting the car while respondent was in the act of alighting. The evidence of respondent was to the effect that the car was started while she was attempting to leave it, after it had come to a stop. The instruction was, therefore, within both

the pleading and evidence, in referring to the act of the conductor in starting the car while respondent was attempting to alight therefrom.   The negligent act referred to in the instruction was not before the car started, but in starting it while respondent was in the act of alighting.   The only reference in the instructions to what happened before the car started was the conductor's knowledge of plaintiff's clothing being entangled.   This knowledge was not the negligent act referred to in the instruction, but the negligence the court refers to is the starting of the car with such knowledge.   We cannot, therefore, see any virtue in this assignment, the instruction being within both the pleading and the proof.

The next instruction complained of was:

"If you find, gentlemen of the jury, that the plaintiff has proved the material allegations alleged in her amended complaint, which are denied by the answer, it will be your duty to find for the plaintiff in this case."

This instruction, it is said, is faulty in that it eliminates the affirmative defense of contributory negligence.   If the instruction stood alone and no reference had been made by the court to the contributory negligence of plaintiff, if any, it would be subject to the criticism made, and necessitate a reversal; but we find the court fully covering this defense in telling the jury that:

"Even though you find that the defendant has been guilty of the acts of negligence complained of in the plaintiff's amended complaint, still if the plaintiff at the time of the injury was guilty of some act of negligence on her part which constituted a proximate cause or contributed to a proximate cause of the injury complained of and without which the same would not have happened, then the plaintiff is not entitled to recover.   If you find that the plaintiff attempted to alight from the car before it came to a stop (which was the contributory negligence defendant sought to establish) and was injured thereby, she cannot recover."

Another instruction was:

"If you find that the injury complained of may have been either caused by negligence on the part of the plaintiff or by

negligence on the part of the defendant, then the defendant cannot be held liable in this case."

These instructions certainly submitted the alleged contributory negligence to the jury, and it cannot be said it was eliminated because not referred to in the instruction complained of. Very few instructions of a court would pass a critical review if small excerpts are taken, without reference to the context or other matter included in the charge.

The third complaint is addressed to this instruction:

"The material allegations which it is necessary for the defendant to prove, before you can find for it under this affirmative defense, are these: That the injury to the plaintiff, if any, was caused by her own negligent and careless acts, and her own careless acts were the proximate cause of the injury."

This instruction, it is said, wholly ignores the defense of contributory negligence as, to give it effect, the jury must find that the plaintiff's own negligence caused the injury. This instruction, standing alone, would be faulty; but the court in the instruction quoted in treating the previous assignment, told the jury that any negligent act on plaintiff's part which constituted a proximate cause, or contributed to a proximate cause, would defeat recovery; in addition to telling them, what they could more easily comprehend, that if she attempted to leave the car before it came to a stop, she could not recover. Thus, as a whole, the instructions correctly presented defendant's contention to the jury.

Complaint is also made of the court's refusal to give a submitted instruction. We have, however, reviewed this in what we have said concerning the first assignment of error, which embraces the same point.

Finding no reversible error, the judgment is affirmed.

DUNBAR, C. J., CHADWICK, ELLIS, and CROW, JJ., concur.