[No. 30442. Department Two. July 16, 1948.]

CHARLES A. ROWE *et al., Respondents,* v. HAL R.
DIXON *et al., Appellants.*[1]

[1]Reported in 196 P. (2d) 327.

*H. Earl Davis*, for appellants.

*Thomas I. Oakshott* and *Hamblen, Gilbert & Brooke*, for respondents.

BEALS, J.—Plaintiffs in this action, Charles A. and Alma M. Rowe, husband and wife, during the year 1946 were residing at Inchelium, in Ferry county. Mr. Rowe owned a small farm eleven miles northwest of his home, the farm being near the Hall Creek road, a public highway. Mr. Rowe made very frequent trips from his home to the farm, using a 1936 Ford pickup truck with a cab.

The defendants Hal R. Dixon and Eve L. Dixon, husband and wife; M. Gale Beals and Marie D. Beals, husband and wife; Harold E. Carman and Frances E. Carman, husband and wife; Grant Dixon, Jr., and Grace M. Dixon, husband and wife; E. W. Abrams and Dorothy Abrams, husband and wife; Lester C. Farrish and Marjie S. Farrish, husband and wife; and Grant Dixon, Sr., were copartners, under the firm name of Lincoln Lumber Company, engaged in conducting extensive logging operations in Ferry county. The partnership maintained a camp on the west side of the Hall Creek road. Defendant William Simms was employed by the partnership as driver of a logging truck.

At about five o'clock on the afternoon of July 25, 1946, plaintiffs left their home for the farm, for the purpose of carrying feed to their stock. As the plaintiffs rounded a sharp right-hand curve in the road, they met a heavy logging truck, owned and operated by defendant partners, which was then driven by the defendant Simms, and which was proceeding in the opposite (southeasterly) direction. Plaintiffs' truck and defendant partners' logging truck collided, with the result that plaintiffs suffered serious injuries, and, thereafter, instituted this action against

defendants, demanding damages in the total sum of $9,-567.50.

In their amended complaint, plaintiffs alleged that the injuries which they sustained were the result of the negligence of the defendants in the following particulars:

"(a) In operating their said truck at said time and place with an outside width of more than 8 feet as limited by law, to-wit: a width of approximately 10 feet;

"(b) In operating said truck over a road at point of accident the travelled portion of which was only 15 feet wide so that said truck occupied more than half of the travelled portion thereof;

"(c) In operating said truck over said road at the point of accident so that a portion thereof extended over the center-line of said road, and so as to obstruct and/or interfere with approaching traffic, and particularly to leave insufficient room for plaintiffs to safely pass said truck; and

"(d) In operating said truck around a curve and near the point of accident, without giving any signal or warning to approaching traffic, and particularly to plaintiffs."

The defendants, including defendant Simms, answered, admitting the existence of the copartnership; that the defendant Simms was in the employ of the copartnership as a logging truck operator, and denying the other allegations contained in the complaint. By their answer, defendants pleaded contributory negligence on the part of plaintiffs, and that plaintiffs, in using the highway, had assumed the risk of meeting, on the highway, such a logging truck as was operated by defendants.

Plaintiffs having replied with denials to the affirmative allegations contained in defendants' answer, the action was tried to a jury, which returned a verdict in plaintiffs' favor in the sum of $6,317.50.

Defendants' motion for judgment in their favor notwithstanding the verdict or, in the alternative, for a new trial having been denied, judgment was entered on the verdict in plaintiffs' favor, from which judgment the defendants have appealed.

Unless indicated to the contrary, we shall refer to appellant partners as appellants.

The Hall Creek road, along which, on the day of the accident, respondents were proceeding in a general northwesterly direction, runs through a rather rough and rugged country, following the valleys, and frequently making rather sharp curves, with high banks on one side and, often, declivities, or ponds, or streams, on the other. The roadway is not paved and is rather narrow.

The collision occurred about ten miles from Inchelium on a sharp curve of the road, with a high bank on one side and a slight declivity to a body of water on the other. At this curve, the highway was eighteen feet and a few inches in width.

Respondents' Ford was five feet nine inches in width, and appellant Simms was driving a twelve-ton logging truck and trailer, equipped with "logging bunks" extending crossways on the body of the truck, which was loaded with logs thirty-two feet in length. The truck had three axles and the trailer two, with two single wheels on the front axle and dual wheels on each of the rear axles of the truck and on the two axles of the trailer. The over-all length of the truck was forty-three feet, its width ten feet, and, with its load, it was twelve to thirteen feet in height.

At the place of the accident, on respondents' right was a rough, steep bank, which rose directly from the edge of the roadway, the travelled portion of which, suitable for driving, was approximately fifteen feet in width. As respondents approached the curve to the right, they were proceeding, as respondents testified, at a speed of twenty to twenty-five miles an hour. As they rounded the curve, they met appellants' truck, approaching from the opposite direction. The driver of the truck gave no signal, by horn, of its presence in the curve. Respondents testified that, when they first saw the truck, it was from twenty to twenty-two feet distant. Appellant Simms testified that he was proceeding at a speed of fifteen to eighteen miles an hour.

It was apparently admitted that a portion of the logging truck was to its left of the center line of the roadway, the left rear wheel being probably three feet to the left of that line.

Cecil Houtz, woods foreman for appellants, testifying as a witness for appellants, stated that he visited the scene of the accident very soon after its occurrence, and while appellant Simms was trying to assist Mrs. Rowe from the Ford. The witness testified that the rear end of the logging truck was about six feet from the bank, and the front end a little more. Other testimony, introduced by respondents, indicated that the truck was farther than that on its left side of the road.

Mr. Rowe endeavored to avoid a collision by driving, in part, onto the steep bank to his right, but, while passing the logging truck, one of the logs collided with the top of the cab and the Ford was overturned, both Mr. and Mrs. Rowe suffering serious injuries.

Officer P. H. Schmoe, of the state patrol, in the course of an investigation of the accident, visited the scene the following morning. Appellant Simms was present with the truck he had been driving the previous day and placed his truck on the road in the position which he stated it had occupied at the time of the collision. Officer Schmoe made measurements of the road and the truck. He testified that the road had been graded early that morning and the roadbed widened to some extent. Testimony was introduced to the effect that the grading had been done by an agent of appellants, and all tracks on the roadbed thereby obliterated.

Apparently, appellants' truck exceeded, by two feet, the width allowed by statute. Rem. Rev. Stat., Vol. 7A, § 6360-47 [P.P.C. § 292-1], provides that the total outside width of any vehicle or load thereon shall not exceed eight feet.

The jury might well have found, from the evidence, that there was not sufficient room on the roadbed for respondents' Ford to pass appellants' logging truck.

Some time prior to the accident, appellants had secured, from the commissioners of Ferry county, permission to operate upon this road trucks which, with their load, exceeded the width permitted by statute, and had been availing themselves of that privilege for some time. At intervals

along the road, there had been posted signs reading "overwidth trucks traveling on highway."

The foregoing brief and general statement indicates the circumstances surrounding the accident.

Error is assigned upon rulings of the trial court permitting respondent Charles A. Rowe to testify concerning a statement which the witness said was made by appellant Simms, in answer to a question from some person unknown, as to the cause of the accident; permitting in evidence respondents' exhibit No. 11, a contract between Ferry county and appellants; denying appellants' motion for nonsuit; upon the court's instructions Nos. 9, 11, 12, 14, 16, 18, 19; upon the denial of appellants' motion for judgment in their favor notwithstanding the verdict, and of their motion for a new trial; upon the entry of judgment against appellant William Simms; upon the entry of judgment against the appellant partners; and upon the entry of the judgment appealed from.

Appellants assign error upon the ruling of the trial court permitting respondent Charles A. Rowe, while testifying as a witness on his own behalf, to testify concerning a conversation which he overheard immediately after the collision. The witness stated that he heard some unidentified person ask what caused the accident. Upon appellants' objection, the foregoing answer was stricken and the jury told to disregard it.

The witness then testified that he heard some person, whom he did not at the time identify, say, "I was over in the road too far." Appellants' objection to this question and motion that the answer be stricken "as being hearsay, no foundation or basis for it and not a part of the *res gestae*," were overruled.

The witness further testified that, a few weeks before the trial, he had a conversation with the appellant William Simms, in the course of which Simms stated that he was the person who made the remark above quoted. (During the course of his testimony, Simms denied having made the statement attributed to him.)

Appellants' objection to this evidence having been over-ruled, error is assigned upon the admission of this portion of Mr. Rowe's testimony.

██ When the objection was made, appellants assigned no reason therefor, but now argue that, as appellant Simms was joined as a defendant in his individual capacity as the driver of the logging truck owned by the partnership, any statement made by him, whether considered as an admission or declaration against interest, was not binding upon his employers and should not have been received in evidence as against them.

This objection may not be urged here, not having been presented to the trial court. *Kull v. Department of Labor & Industries*, 21 Wn. (2d) 672, 152 P. (2d) 961.

Appellants assign error upon the admission in evidence of respondents' exhibit No. 11, a written contract entered into between the commissioners of Ferry county and appellants.

It appears that appellants applied to the county commissioners for permission to operate logging trucks ten feet in width over certain public highways (county roads) in Ferry county, including the Hall Creek road where the accident occurred.

By Rem. Rev. Stat., Vol. 7A, § 6360-47, it is provided that "The total outside width of any vehicle or load thereon shall not exceed eight (8) feet . . ."

Rem. Rev. Stat., Vol. 7A, § 6360-55 [P.P.C. § 292-17], since amended, provided, *inter alia,* for the issuance of special written permits for the operation of vehicles exceeding eight feet in width or ". . . a vehicle or combination of vehicles of a size, weight of vehicle or load exceeding the maximum specified in this act, . . ." upon any public highway.

Pursuant to this statutory authority, the commissioners of Ferry county granted the partners a written permit, dated March 5, 1945, to operate logging trucks having ten-foot bunks over the Hall Creek road, and to haul thereon loads in excess of the legal limit provided by law. The permission was granted upon certain terms and conditions therein stated, containing, *inter alia,* the following:

"(1) The Company, prior to any user [use] of the said road for log hauling, shall proceed to improve and widen the said road where any such widening is necessary in order to make the same useable for log hauling as hereinafter provided for. The Company will maintain the same the year around at a standard equal to or above the present condition of the road and will repair any damage done to the road. . . .

"(2) In return for such maintenance of the road, the Company is to be permitted to use ten-foot bunks on its trucks, and is to be allowed to haul heavier loads than the existing load limits, . . .

"(4) The Company agrees to furnish a bond in the sum of not to exceed $400.00 per mile nor total of $8000.00 to insure the proper maintenance of the said road. . . .

"(7) The Company agrees at all times to carry liability insurance with limits of $25,000.00 to any one person, and $50,000.00 in any one accident to protect both the Company and the County against liability caused by the use of equipment with ten-foot bunks or caused by the handling of excessive loads. . . ."

The other paragraphs of the agreement are not pertinent to this inquiry.

Lester C. Farrish, an appellant herein, called by respondents as an adverse witness, testified that he was the general manager of the partnership operations. The witness testified as to the number and descriptions of the logging trucks operated by the partnership, and that most of these trucks were equipped with ten-foot logging bunks. When respondents' counsel commenced to question the witness as to the existence of an agreement with the county commissioners, appellants objected; whereupon, the jury was excused and the question was argued to the court, the witness producing a copy of the permit granted by the commissioners. Appellants' counsel objected to the admission of the agreement in evidence, and the court, for the time being, rejected the offer of proof.

In the course of the presentation of their case, appellants called Mr. Farrish and, in response to questions by his counsel, the witness gave a more detailed description of the logging trucks which were used, and testified that appel-

lants had received, from the county commissioners, permission to drive ten-foot wide trucks on the highway.

On cross-examination by respondents' counsel, the witness identified a copy of the agreement, which was again offered in evidence by respondents. Appellants' counsel again objected to the admission of the document, and, after extensive argument, in the absence of the jury, the court overruled the objection and admitted the agreement in evidence, stating that it would, in due time, instruct the jury in connection therewith.

During the course of the trial, respondents' witness William Franz was permitted, over appellants' objection, to testify concerning the improvement, maintenance, and widening of the highway by appellants, which, appellants argue, was an attempt by respondents to establish a breach of the contract by appellants in their failure to widen the roadway at the place of the accident, their failure so to do having been alleged as negligence in respondents' amended complaint.

Appellants also argue that the trial court committed prejudicial error by permitting the jury to consider the terms of the agreement, respondents' exhibit No. 11, because the contract was made for the benefit of the county only; because, in so far as appellants were obligated to improve, widen, and maintain the highway, it was *ultra vires*; because the admission of the contract in evidence advised the jury that appellant partnership was thereby obligated to carry public liability insurance, and because the contract, on its face, shows that it was entered into for the protection of the county and the partnership only.

As above noted, the agreement between appellants and Ferry county was first brought into the case when appellant Lester C. Farrish was called by respondents as an adverse witness, the trial court, at that time, sustaining appellants' objection to the admission of the agreement in evidence.

In the course of the presentation of appellants' evidence, appellant Farrish was again called to the stand and testified, on his examination in chief, that appellants had

obtained permission from the county commissioners to use overweight and oversize logging trucks, similar to that driven by appellant Simms on the date of the accident, and that such permission had been in effect for approximately two years, during which time the logging operations had continued.

On his cross-examination, the witness identified the agreement, or "permit" as it was referred to in the testimony, and produced a copy thereof, which was offered in evidence by respondents. Appellants vigorously objected to the admission of the agreement in evidence, for the reasons above stated.

■ Of course, the written agreement itself was the best evidence as to appellants' rights thereunder. According to the terms of the statute, any such agreement between the county commissioners and a private party must be in writing, and the writing itself constitutes the best evidence of the terms of the agreement. *Seattle v. Parker,* 13 Wash. 450, 43 Pac. 369.

■■ The trial court has a wide discretion in ruling upon questions arising during the cross-examination of witnesses. *Miller v. Edwards,* 25 Wn. (2d) 635, 171 P. (2d) 821; *Moore v. Keesey,* 26 Wn. (2d) 31, 173 P. (2d) 130. The general rule is that, when, in the course of a direct examination of a witness, some general matter is presented, the cross-examination may develop and explore the various phases of the subject.

This court, in the case of *Gianini v. Cerini,* 100 Wash. 687, 171 Pac. 1007, referring to the case of *Edwards v. Burke,* 36 Wash. 107, 78 Pac. 610, used the following language:

"Furthermore, the offending testimony in that case was brought out incidentally on cross-examination relating to a legitimate subject of inquiry developed upon the examination of the witness in chief. Here the reference to insurance 'cropped out' on redirect examination touching pertinent matter brought into the case by the defendant on cross-examination. In the instant case, counsel for defendant having gone into the matter of the statement signed by the plaintiff, it was entirely proper for the plaintiff to

show on redirect all the circumstances under which the statement was made and to develop the entire conversation relating thereto. The evidence, therefore, was competent, and the mere fact that it may have been prejudicial did not render it inadmissible. If the effect was harmful, such was the defendants' misfortune, rather than the plaintiff's fault. The case falls squarely within the principle announced in *Moy Quon v. Furuya* Co., 81 Wash. 526, 143 Pac. 99."

The cases of *Thompson v. Collins,* 139 Wash. 401, 247 Pac. 458, and *Gaskill v. Amadon,* 179 Wash. 375, 38 P. (2d) 229, are in point upon this question. See, also, 2 Jones Commentaries on Evidence (2d ed.) 1340, § 715.

In the course of its instructions to the jury, the trial court referred to this contract, as is noted below.

Appellants contend that that portion of paragraph No. 1 of the agreement providing that, before use of the road by the overweight and overwidth logging trucks, appellants should improve and widen the road wherever necessary, and so forth, had nothing to do with the issues to be determined by the jury, because the provision in the contract was void, as *ultra vires* and an unlawful delegation of power by the county.

It may be here noted that no error is assigned upon the refusal of the trial court to give an instruction requested by any of the appellants.

For two years, appellants used the county roads in operating overwidth and overweight logging trucks, and they cannot here urge that the permission under which they were so conducting their operations is void for want of authority on the part of the county commissioners to grant it. 25 Am. Jur. 470, Highways, § 175; 20 C. J. S. 1029, Counties, § 193; 2 Dillon Municipal Corporations (5th ed.) 939, § 598; *Spokane v. Costello,* 57 Wash. 183, 106 Pac. 764.

There is not presented any question concerning any liability on the part of the county for failure to maintain a county road in such a condition as to be safe for ordinary traffic.

Recognizing the law applicable to the question, Rem. Rev. Stat., Vol. 7A, § 6360-55, provides that, as to county roads, the local county authority may issue, or withhold, at its

discretion, the special permits referred to, and that, if any such permit be issued, the same may contain

" . . . conditions of operation of such vehicle or vehicles when necessary to assure against undue damage to the road foundation, surfaces or structures or safety of traffic, and may require such undertaking or other security as may be deemed necessary to compensate for any injury to any roadway or road structure. . . ."

Appellants argue that the obligation assumed by them, under the contract, was for the benefit of the county, and that respondents, who were, of course, not parties to the agreement, are not entitled to derive any benefit therefrom or even to introduce the agreement in evidence.

No question is here presented as to whether or not respondents may derive any direct contractual right against appellants, assuming their violation of the obligation resting upon them under the agreement with the county. The question is whether the agreement or its special provisions were competent evidence in an action based on tort, in which the road and its general situation and condition, the width of appellants' trucks, and the matter of what constitutes a reasonable or an unsafe use of the road in a particular instance, were the questions to be considered.

In 25 Am. Jur. 655, Highways, § 362, is found the following text:

"As a general rule, the imposition upon private persons or corporations, by statute or ordinance, in the exercise of the police power and independent of any special use or benefit, of the duty to maintain highways or sidewalks in good repair, or to keep them free from obstructions or nuisances, does not render such persons or corporations liable for injuries resulting from a failure to perform such duty, in the absence of any provision for such liability. Where, however, such duty of maintenance and repair is imposed or assumed in consideration of a grant of authority to use the highway for a special purpose for the private benefit of the grantee, such grantee, according to the weight of authority, is liable for injuries resulting from his default."

The case of *Sheridan v. Aetna Cas. & Surety Co.*, 3 Wn. (2d) 423, 100 P. (2d) 1024, is in point upon this phase of the case.

◼ Appellants, including appellant Simms, contend that exhibit No. 11 was particularly prejudicial to the appel-lant William Simms, who, of course, was not a party to the agreement between appellants and the county. It does not appear that appellants' counsel ever requested the trial court to instruct the jury that appellant Simms was not a party to and was not bound by this contract. Appellants' counsel simply took general exceptions to the rulings of the trial court concerning the admission of exhibit No. 11 and to the instructions of the court with reference thereto. If any objection on the part of appellant Simms had been urged, or any request made that the trial court give an instruction concerning him, the court would have had an opportunity to take such action as was deemed appropriate.

Upon the record before us, we find nothing upon which appellant Simms may predicate error on the part of the trial court.

◼ Appellants contend that the admission in evidence of exhibit No. 11 was erroneous and highly prejudicial, because of the provisions of paragraph No. 7, *supra,* of the agreement, whereby appellants agreed to carry liability insurance to protect both the company and the county against liability which might result from the use of overwidth trucks, or excessive loads.

Appellants also assign error upon the court's instruction No. 19, which reads as follows:

"In connection with Exhibit No. 11 which has been admitted into evidence for your consideration, I instruct you to consider it in the light of the law relating to the granting of permission by local authority or, in this case Ferry County, relating to the granting of the permit for the operation of oversized vehicles. In connection with Exhibit No. 11, I direct your attention to Paragraph Four reading as follows:

" 'The company agrees to furnish a bond in the sum of not to exceed $400.00 per mile nor total of $8,000.00 to ensure the proper maintenance of said road.'

"I instruct you with reference to this paragraph of the exhibit that you shall not consider it in any manner as having any bearing upon the question of the negligence of the defendants or their liability in this action.

"I further direct your attention to Paragraph Seven of Exhibit No. 11, reading as follows:

" 'The company at all times agrees to carry liability insurance with the limit of $25,000.00 to any one person, and $50,000.00 in any one accident to protect both the company and the County against liability caused by the use of equipment with ten-foot bunks or caused by the handling of excessive loads.'

"I instruct you that this paragraph and provision shall not be considered by you as having any bearing or materiality in the determination of the negligence or the liability of the defendants to the plaintiffs in this action."

To the giving of this instruction, appellants preserved the following objection:

"Excepts to the Court's Instruction No. 19 in which instruction the Court instructed the jury as to Exhibit No. 11, which was admitted in evidence. Excepts to the direction of the Court in Paragraph 7 in said instruction with reference to the agreement in which the Court set up in said instruction 'If the company at all times agrees to carry liability insurance with a limit of $25,000.00 and $50,000.00.' "

Appellants argue that the court's instruction No. 19, *supra*, should be assumed to be ineffectual in erasing from the minds of the jurors the fact that appellants were protected by liability insurance. In this connection, appellants cite several of our decisions in which the fact that defendants were protected by liability insurance was improperly brought before the jury.

In Anderson, An Automobile Accident Suit, 569, § 497, the rule is stated as follows:

"It may be stated, as a general rule, that bringing out the carrying of insurance, in connection with evidence that cannot be justified on any other ground, will ordinarily result in a reversal."

In several of our decisions, it has been held ·that the fact that the defendant was protected by liability insurance, when incidentally called to the attention of the jury, was not reversible error, under the particular facts of each case. *Robinson v. Hill*, 60 Wash. 615, 111 Pac. 871; *Rich v. Campbell*, 164 Wash. 393, 2 P. (2d) 886; *Carlson v. Collier & Son Corp.*, 190 Wash. 301, 67 P. (2d) 842.

By the instruction above quoted, the court plainly and positively instructed the jury that they should not consider the fact that it appeared, from the evidence, that appellants were protected by liability insurance as having any bearing, or materiality, in connection with the question of the negligence of appellants, or their liability in this action. Appellants' exception to this instruction is not altogether clear, at least in so far as it refers to the matter of insurance.

The trial court did not err in admitting respondents' exhibit No. 11 in evidence, and we find no error in the court's instruction No. 19, of which appellants complain. The portion of the instruction relating to the matter of insurance was direct and positive, and it should be assumed that the jury regarded the same and followed the court's directions contained therein.

William Franz, called as a witness by respondents, testified that, for the past nineteen years, he had resided near Inchelium, and, during the years 1945 and 1946, was in the employ of appellants. He further stated that he was familiar with the Hall Creek road; that, after the accident, he had examined respondents' Ford, the witness testifying concerning the condition of the car. The witness was recalled by respondents, in rebuttal, and testified that, during the month of March, 1945, he had performed some work in widening the road. He further stated that, after the accident, appellants had caused the road to be widened near the curve where the accident had occurred. Appellants objected to portions of the testimony of the witness, but we find no error in connection with this matter.

By assignment of error No. 3, all of the appellants contend that the trial court erred in denying their motion for nonsuit. This assignment of error is not argued in appellants' brief, and is without merit.

Appellants join in assigning error upon the failure of the trial court to amplify its instructions Nos. 9, 11, 12, 14, and 18, by including statements that respondents could not recover if the driver of their automobile had been guilty of negligence which proximately contributed to the accident.

As a preliminary to reading the instructions, the trial court made a clear and concise statement to the jury of the issues to be submitted. Included in this statement is the following:

"As an affirmative defense the defendants allege that if the plaintiffs sustained any injuries they were the result of and because of the contributory negligence of the plaintiffs."

By instruction No. 3, the jury were instructed that the fact that a collision occurred raised no presumption of negligence on the part of either driver. The court also told the jury that respondents could recover damages only in the event that the driver of the truck, appellant William Simms, was guilty of negligence which was the proximate cause of the collision, and "provided the plaintiffs were free from contributory negligence."

By instruction No. 4, the court defined negligence, proximate cause, and continued:

"If negligence on the part of any person is the proximate cause of injury or damage to another person, he is liable in damages to said other person therefor, provided such other person is not guilty of contributory negligence as herein defined to you.

"A person is guilty of contributory negligence who commits an act of negligence as above-defined which contributes in a material or substantial degree directly and proximately to his injury or damage, and if a person is guilty of contributory negligence, he cannot recover from another person in damages even though such other person is negligent."

By instruction No. 7, the court instructed the jury concerning the questions to be submitted to them for determination, paragraph No. 3 of the instruction reading: "Were the plaintiffs guilty of contributory negligence?" Paragraph No. 4 of the instruction reads as follows:

"(4) If you find for the plaintiffs, what pecuniary loss, if any, have the plaintiffs sustained in consequence of such collision and accident?

"If you find from a preponderance of the evidence that the defendant, William Simms, was guilty of any of the acts of negligence charged against him by the plaintiffs, as set forth in the Statement of the Issues herein, and that

such negligence was the proximate cause of the collision, then, your verdict should be for the plaintiffs unless you should further find from a preponderance of the evidence that the plaintiff was guilty of contributory negligence as hereinbefore explained to you.

"On the other hand, if you find from the evidence that the defendant William Simms was not guilty of any of the acts of negligence charged against him therein, your verdict should be for the defendants.

"If you find from the preponderance of the evidence that the plaintiffs were guilty of contributory negligence, then, your verdict should be for defendants."

Instruction No. 15 was devoted entirely to the matter of contributory negligence, the instruction closing as follows:

". . . the plaintiffs cannot thrust on the defendants responsibility for the accident brought about by his negligence contributing to the happening of the same."

By instruction No. 23, the jury were told, *inter alia*, that they must consider the instructions as a whole, and not place undue emphasis on any particular instruction.

By instruction No. 9, the jury were advised as to the duty of the driver of each motor vehicle involved in the accident, and that the driver of a motor vehicle upon public highways is presumed to know the laws of the road, to exercise reasonable care, and so forth, and that a failure so to do would constitute negligence.

The first paragraph of instruction No. 11 reads as follows:

"You are instructed that the violation of any provision or requirement of the law constitutes negligence, and if such negligence be the proximate or one of the proximate causes of an accident and injuries it would either warrant or bar recovery of damages depending on whose negligence it was."

The other paragraph of the instruction told the jury that, if they found that the driver of appellants' truck was negligent and that such negligence was the proximate cause or one of the proximate causes of the injuries suffered by respondents, it was the duty of the jury to return a verdict for the respondents.

By instruction No. 12, the jury were instructed concerning the law that the driver of a motor vehicle must, generally, travel on his right side of the center of the highway, and that violation of that rule would be negligence.

Appellants contend that instructions Nos. 9, 11, and 12 were erroneous, in that each one contained no reference to contributory negligence on the part of respondents.

There are very many cases in which questions similar to that now under consideration have been decided. It is probable that few complicated personal injury cases have been submitted to juries in which each and every instruction would be held to be absolutely free from criticism. In considering such questions as that now under discussion, this court has consistently followed the rule that the instructions must be considered as a whole, and that, if, when so considered, the instructions clearly and correctly presented to the jury the issues to be decided, the jury's verdict will not be disturbed.

Such an objection as is urged here was considered by this court in the early case of *Morrison v. Seattle Electric Co.*, 63 Wash. 531, 115 Pac. 1076. In the case cited, the trial court instructed the jury that if they found

" ' . . . that the plaintiff has proved the material allegations alleged in her amended complaint, which are denied by the answer, it will be your duty to find for the plaintiff in this case.' "

On appeal of the case, this court, referring to the appellant's criticism of the instruction quoted, said:

"This instruction, it is said, is faulty in that it eliminates the affirmative defense of contributory negligence. If the instruction stood alone and no reference had been made by the court to the contributory negligence of plaintiff, if any, it would be subject to the criticism made, and necessitate a reversal; but we find the court fully covering this defense . . . ."

by proper instructions concerning contributory negligence, which are quoted in the opinion.

In the case cited, this court observed that:

"Very few instructions of a court would pass a critical review if small excerpts are taken, without reference to the context or other matter included in the charge."

The cases of *Fichtenberg v. Lincoln County*, 150 Wash. 459, 273 Pac. 178, *Wright v. Zido*, 151 Wash. 486, 276 Pac. 542, *American Products Co. v. Villwock*, 7 Wn. (2d) 246, 109 P. (2d) 570, 132 A. L. R. 1010, *Herndon v. Seattle*, 11 Wn. (2d) 88, 118 P. (2d) 421, *Swanson v. Webb Tractor & Equipment Co.*, 24 Wn. (2d) 631, 167 P. (2d) 146, and other of our decisions, are to the same effect.

■ Error is assigned upon the court's instruction No. 14, which covered the matter of emergency, and told the jury that, when a person is called upon to act in an emergency and takes what appears to be the safest course to avoid a discovered danger, he is not necessarily guilty of contributory negligence, even though he may not have exercised the best judgment. In the instruction, the court also stated: ". . . provided that the situation of peril arises from other causes than his own negligence." The court then instructed the jury that, if, in the case before the court,

". . . the plaintiff driver, being without fault himself, was suddenly brought into a position where he saw a collision was likely to have occurred, he would not be guilty of contributory negligence in turning his car to the right and running into the bank of the road even though it should subsequently appear not to have been the wisest course to take."

This instruction was excepted to for the reason that it failed to inform the jury that the rule stated is not applicable unless the perilous situation was created by the defendant in the action, and that, if created by the plaintiff, the doctrine of contributory negligence would apply.

The instruction covers the entire matter, and is not subject to the criticism advanced by appellants. We find no error therein.

■ Appellants also assign error upon the court's instruction No. 18, in which the court told the jury that, under

the law, a motor vehicle shall be equipped with a suitable horn, which shall be sounded when the vehicle approaches a condition of danger, and so forth; that, if the jury found, from the evidence, that appellant Simms, in the exercise of due care, should have warned of his progress around the curve by sounding the horn, but failed to do so, he was guilty of negligence, as matter of law; and that, if the jury found that such negligence was the proximate cause of the collision, then appellants were negligent, and the jury's verdict must be for the respondents.

Appellants excepted to this instruction, upon the ground that it failed to advise the jury that, even though the failure to sound the horn might have been negligence, respondents could not recover if they were guilty of contributory negligence. They also excepted to the instruction, contending that there was no showing that the failure of Simms to sound a horn was the proximate cause of the accident.

In view of the instructions already referred to, we find no reversible error in this instruction.

Appellants also assign error upon the court's instruction No. 16, which referred to the width of the trucks employed by appellants. We find no error in this instruction.

Appellants join in basing their assignment of error No. 11 upon the court's ruling denying their motion for judgment in their favor notwithstanding the verdict of the jury. In support of this assignment, appellants argue that, under the facts of the case, the court should have held that, as matter of law, respondents were guilty of contributory negligence, should have set aside the jury's verdict, and dismissed the action.

█ █ In the recent case of *Kellerher v. Porter*, 29 Wn. (2d) 650, 189 P. (2d) 223, we said:

"A challenge to the sufficiency of the evidence, a motion for nonsuit, a motion for directed verdict, or a motion for judgment notwithstanding the verdict admits the truth of the evidence of the party against whom the challenge or motion is made and all inferences that reasonably can be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger or movant party and in the light most favorable to the oppos-

ing party. *Billingsley v. Rovig-Temple Co.*, 16 Wn. (2d) 202, 133 P. (2d) 265, and cases therein cited; *Fiskaa v. Miller*, 27 Wn. (2d) 242, 177 P. (2d) 707."

In the case of *Simmons v. Cowlitz County*, 12 Wn. (2d) 84, 120 P. (2d) 479, in reversing a judgment in favor of the defendant, the trial court having granted a motion for judgment notwithstanding the verdict of a jury in favor of plaintiffs, appears the following:

"We have uniformly held that a motion for judgment notwithstanding the verdict should not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from the evidence to justify the verdict.

"All competent evidence in the record which is favorable to the appellants we must regard as true and must give to them the benefit of every favorable inference which may reasonably be drawn from such evidence. Where the minds of reasonable men may differ, the question should be submitted to the jury. If, when so considered, we find there is substantial evidence to sustain the verdict, the judgment thereon must be affirmed. *Boyd v. Cole*, 189 Wash. 81, 63 P. (2d) 931; *Perren v. Press*, 196 Wash. 14, 81 P. (2d) 867."

In the closing portion of the opinion, we said:

"The question of contributory negligence was for the jury to determine from all the facts and circumstances of the case. It is only in rare cases—the case at bar is not such a rare case—that the trial court is justified in withdrawing the question of contributory negligence from the jury. 1 Thompson, Law of Negligence, §§ 425, 433."

The following cases are to the same effect: *Winsor v. Smart's Auto Freight Co.*, 25 Wn. (2d) 383, 171 P. (2d) 251; *Everest v. Riecken*, 26 Wn. (2d) 542, 174 P. (2d) 762.

In the case at bar, the jury were justified in finding, from the evidence, that appellants' logging truck, forty-three feet in length, having an over-all width of ten feet, was being driven by appellant Simms at a speed of approximately eighteen miles an hour, at least three feet of the truck being to the driver's left of the center of the road, which, at the point on the curve where the collision occurred, was no more than eighteen feet six inches in width,

and that the driver of the truck had given no horn signal of his approach around the curve; that respondents' Ford, five feet nine inches in width, coming from the opposite direction, was proceeding on its right side of the road, at a speed of approximately twenty miles an hour; that the curve in the road, together with the high bank on respondents' right, completely obstructed respondents' view, and that respondent driver could not and did not see appellants' logging truck until the two vehicles were approximately twenty-two feet apart.

It was for the jury to determine, upon the evidence before them, and under the court's instructions, whether or not respondents were guilty of contributory negligence. The trial court properly accepted the jury's verdict, and did not err in denying appellants' motion for judgment in their favor notwithstanding the verdict, and in entering judgment in respondents' favor.

Appellants, by their twelfth assignment of error, contend that the trial court erred in denying motion for a new trial, basing their arguments upon matters hereinabove discussed. The trial court did not err in denying appellants' motion.

Finally, appellants join in assigning error upon the entry of the judgment against them, making a general assignment, and a special assignment on behalf of appellant William Simms, and another on behalf of appellant copartners.

As to appellant Simms, it is contended that, as respondents' exhibit No. 11, *supra*, was admitted in evidence generally, and contained the provision that appellant copartners would cause the road to be widened where necessary, which obligation did not rest upon appellant Simms, the jury might have found that the failure to widen the road at the place of the accident was negligence, and based their verdict upon that finding.

While, in their amended complaint, respondents referred to the agreement with the county, and alleged that appellants had failed to widen the road at the curve where the accident occurred, the amended complaint later set forth, with particularity, the four respects in which respondents

196

contended that appellants had been guilty of negligence, *supra*, the failure to widen the road not being included therein.

The trial court, by its instructions, did not submit to the jury the question of possible negligence of appellants in failing to widen the road, but instructed the jury as follows:

"The plaintiffs can only recover damages in the event that the defendant, William Simms, was guilty of negligence in the operation of the defendants' motor truck which was the proximate cause of the collision, provided the plaintiffs were free from contributory negligence."

The trial court did not err in entering judgment against appellant Simms, in accordance with the verdict of the jury.

 Appellants also contend that the judgment appealed from is erroneous in form, in that it awards judgment against appellant copartners and their respective wives, "all co-partners doing business under the assumed firm name and style of Lincoln Lumber Company," and then proceeds to render judgment against appellant William Simms, and the copartners and their respective wives. Following the names as last listed therein, the judgment does not continue by stating *and against each of them*, and is, therefore, in form, as conceded by respondents, a joint judgment, and not a joint and several judgment.

Appellants' assignment of error in this particular is simply that "The court erred in making and entering its judgment herein as entered."

We find no prejudice to appellants, of which they may complain, in the form of the judgment, and the trial court properly entered judgment against appellants upon the jury's verdict.

Finding no error in the record, the judgment appealed from is affirmed.

MALLERY, C. J., STEINERT, MILLARD, and JEFFERS, JJ., concur.